428 S.E.2d 528

Debra L. PARSONS, Betty J. Dooley, Joyce F. Paxton, Dorothy Hughes, Janice Hundley, and Carol A. Walker, Plaintiffs Below, Appellees,

v.

WEST VIRGINIA BUREAU OF EMPLOYMENT PROGRAMS, WORKERS' COMPENSATION DIVISION, West Virginia Department of Administration, Division of Personnel, Defendants Below,

West Virginia Department of Administration, Division of Personnel, Defendant Below, Appellant.

No. 21348.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1993.

Decided Feb. 25, 1993.

Darrell V. McGraw, Jr., Atty. Gen., Jan Fox, Sp. Asst. Atty. Gen., Charleston, for appellant.

David L. Stuart, Charleston, for appellees.

James M. Haviland, Benita Whitman, Crandall, Pyles & Haviland, Charleston, for the West Virginia State Employees Union, amicus curiae.

McHUGH, Justice:

This case is before the Court upon the appeal of the West Virginia Department of Administration, Division of Personnel (hereinafter "Division of Personnel"), the respondent in the writ of mandamus action and the defendant in the declaratory action below. The appellees are Debra L. Parsons, Betty J. Dooley, Joyce F. Paxton, Dorothy Hughes, Janice Hundley and Carol A. Walker, the petitioners in the writ of mandamus action and the plaintiffs in the declaratory action below. The appellant has asked this Court to review the August 26, 1992 order of the Circuit Court of Kanawha County which ordered, among other things, that the Grievance Procedure for State Employees, *W. Va. Code*, 29–6A–1, *et seq.*, does not provide for the Division of Personnel to have a co-evaluator at level three. For reasons set forth below, we affirm, in part, and reverse, in part, the circuit court's order and remand this case.

I

In December of 1991 jobs were reclassified at the Bureau of Employment Programs, Workers' Compensation Division, and the appellees were reclassified from Typist III to Word Processors. In Febru-

ary of 1992 the appellees filed a grievance under the Grievance Procedure for State Employees, which is set forth in *W.Va. Code*, 29–6A–1, *et seq.*, alleging misclassification and seeking to be reclassified as Secretary II with backpay retroactive to December 1, 1991. The grievance was denied at levels one and two.

In April of 1992 the level three hearing was held before Jack C. McClung, the designated hearing evaluator of the Bureau of Employment Programs, Workers' Compensation Division. The appellant states that Charles Forsythe was the designated hearing co-evaluator of the Division of Personnel.[1] A statutorily authorized designee did appear for the Division of Personnel at the level three hearing.[2]

Mr. Forsythe, of the Division of Personnel, issued a decision in May of 1992 in which he denied the appellees' requested relief. In June of 1992 hearing evaluator McClung issued a decision which found that the appellees were not performing the duties of a Secretary II, but that they were performing the duties of a Secretary I and granted backpay retroactive to December 1, 1991.

The appellees moved the education and state employees grievance board (hereinafter "grievance board") to enforce hearing evaluator McClung's decision since they did not want to appeal his decision. The appellees also requested that Mr. Forsythe's decision be void, and upon entry of an order,

that the appellees be permitted to withdraw their appeal to the grievance board of Mr. Forsythe's decision.[3] In the alternative, the appellees asked the grievance board to stay the level four hearing pending determination by the circuit court on their petition for a writ of mandamus and their complaint for declaratory judgment. It is the circuit court's order granting the appellees' petition for a writ of mandamus and their complaint for declaratory judgment which is the subject of this appeal.

## II

■ We first address the appellant's contention that the circuit court erred by declaring that the Division of Personnel "does not have jurisdiction to hear or decide grievance[s] at level three of the [Grievance Procedure for State Employees], except in those instances where the Division of Personnel is the employing agency." We agree with the circuit court.

The Division of Personnel contends that a misclassification grievance cannot be filed under the Grievance Procedure for State Employees, set forth in *W.Va.Code*, 29–6A–1, *et seq.*, unless the Division of Personnel is made a "statutory employer" since *W.Va.Code*, 29–6A–2(i) states, in part, "any ... matter in which authority to act is not vested with the employer shall not be the subject of any grievance filed in accor-

---

1. The co-evaluator from the Division of Personnel was appointed pursuant to an April 9, 1992 memorandum issued by Michael Smith, Director of the Division of Personnel. The memorandum stated that pursuant to *Wilson v. W.Va. Dept. of Health and Human Services,* Docket No. 92–HHR–043 (March 31, 1992), a co-evaluator from the Division of Personnel would be appointed at the level three hearing of a misclassification grievance. The memorandum also stated that where there is a lack of consensus between the employing agencies' evaluator and the Division of Personnel's co-evaluator, the decision of the Division of Personnel's co-evaluator will be controlling.

In *Wilson,* Sunya Anderson, the administrative law judge for the West Virginia Education and State Employees' Grievance Board, held that the Division of Personnel's chief administrator or his designee must be accorded status as a level three co-evaluator in misclassification

grievances. The grievance board reasoned that since the Division of Personnel is the only entity with the authority to classify employees of state agencies, then the Division of Personnel is a statutory employer and as such should be included in the evaluation process.

2. *W.Va.Code,* 29–6A–4(c) [1988] provides, in part, that "[t]he personnel director of the state civil service commission or his designee may appear at [the level three] hearing and submit oral or written evidence upon the matters in the hearing."

3. Under *W.Va.Code,* 29–6A–4(d)(1) [1988], the grievants only have five days after the written decision from level three to appeal to level four. The grievants appealed Mr. Forsythe's decision to level four in order to protect their rights since they were uncertain of the procedure to be followed.

dance with the provisions of this article."[4] The basis of the Division of Personnel's argument is that the employing agency (the employer) has no authority to classify employees since the Division of Personnel has the exclusive authority to classify state employees under *W. Va. Code*, 29–6–10(1) [1992].[5]

This Court did state in *AFSCME v. Civil Service Commission*, 181 W.Va. 8, 13, 380 S.E.2d 43, 48 (1989), that "[i]t was clearly the intention of the Legislature to vest exclusively in the CSC [Civil Service Commission] the responsibility to classify state employees and to ensure pay equity within the same class."[6] However, there is nothing in *W. Va. Code*, 29–6–10(1) [1992] which indicates that the Division of Personnel has more than general classification powers. Although the Division of Personnel has the responsibility to establish a classification system there is nothing in *W. Va. Code*, 29–6–10 [1992] which indicates that the Divi-

sion of Personnel can control an employer's decision as to what services an employee is actually performing. After all, the employer would know exactly what services are expected from the employee.

Furthermore, this Court also stated in *AFSCME* that the CSC (the Division of Personnel and the state personnel board) does not have jurisdiction to handle misclassification grievances. This court found that the following language in *W. Va. Code*, 29–6A–2(i) [1988] is sufficiently broad to cover a misclassification grievance: "(i) 'Grievance' means any claim by one or more affected state employees alleging a *... misapplication or misinterpretation regarding compensation, hours, terms and conditions of employment....*" (emphasis added). *See* syllabus point 2 of *AFSCME, supra*.[7] Therefore, a misclassification grievance is under the jurisdiction of the Education and State Employees Grievance Board and follows the Grievance Procedure for State Employees regardless

---

**4.** *W. Va. Code*, 29–6A–2(i) [1988] states:

(i) 'Grievance' means any claim by one or more affected state employees alleging a violation, a misapplication or a misinterpretation of the statutes, policies, rules, regulations or written agreements under which such employees work, including any violation, misapplication or misinterpretation regarding compensation, hours, terms and conditions of employment, employment status or discrimination; any discriminatory or otherwise aggrieved application of unwritten policies or practices of their employer; any specifically identified incident of harassment or favoritism; or any action, policy or practice constituting a substantial detriment to or interference with effective job performance or the health and safety of the employees.

Any pension matter or other issue relating to public employees insurance in accordance with article sixteen [§ 5–16–1 et seq.], chapter five of this code, retirement, or any other matter in which authority to act is not vested with the employer shall not be the subject of any grievance filed in accordance with the provisions of this article.

**5.** *W. Va. Code*, 29–6–10(1) [1992] states, in part: "the director [of the Division of Personnel] shall allocate the position of every employee in the classified service to one of the classes in the classified plan and the position of every employee in the classified-exempt service to one of the positions in the classified-exempt plan."

**6.** Since *AFSCME* was decided the Civil Service Commission has been abolished by *W. Va. Code*, 29–6–9(a) [1989], which states in pertinent part:

(a) The civil service commission is hereby abolished. All duties and responsibilities heretofore imposed upon the civil service commission are hereby imposed upon the state personnel board, and all duties and responsibilities heretofore imposed upon the director of the civil service system are hereby imposed upon the director of the division of personnel.

Therefore, in our discussion of *AFSCME* we will substitute the civil service commission director with the director of the division of personnel.

**7.** Syllabus point 2 of *AFSCME, supra*, states:

Under W.Va.Code, 29–6A–1, *et seq.*, it is clear that the Legislature intended to place in the Education and State Employees Grievance Board jurisdiction over matters arising from a 'misapplication or misinterpretation regarding ... hours, terms and conditions of employment.' This terminology is sufficiently broad to cover a grievance for work performed out of classification. Furthermore, W.Va.Code, 29–6A–11, provides that '[t]his article supersedes and replaces the civil service grievance and appeal procedure currently authorized under the rules and regulations of the civil service commission.' The clarity of these provisions compels the conclusion that the Civil Service Commission has no jurisdiction to handle misclassification grievances.

of whether or not the Division of Personnel is made a "statutory employer."[8]

Furthermore, the Grievance Procedure for State Employees does not mention a co-evaluator. In fact, the only mention of the Division of Personnel participating in the grievance procedure is in *W.Va.Code,* 29-6A-4 [1988] which allows for the Division of Personnel or his designee to appear at a level three hearing and to submit oral or written evidence at the hearing.[9]

In syllabus point 1 of *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968), this Court stated: "Courts always endeavor to give effect to the legislative intent, but a statute that is clear and unambiguous will be applied and not construed." We find that *W.Va.Code,* 29-6A-1, *et seq.,* is clear and unambiguous. Therefore, we will not construe *W.Va.Code,* 29-6A-1, *et seq.* to require a co-evaluator from the Division of Personnel to be appointed at a level three hearing of a misclassification grievance.

Adding a co-evaluator at level three would only complicate and add confusion to the grievance proceedings. The Division of Personnel's mandate that its co-evaluator would be controlling if there is not a consensus among the evaluators makes the decision of the employing agency's evaluator meaningless. Obviously, the legislature found that the evaluator of the employing agency should be controlling since *W.Va.Code,* 29-6A-4(c) [1988] states that the chief administrator of the grievant's employing agency or his designee shall hold a hearing and issue a written decision regarding the level three decision. Although the Department of Personnel is given authority to appear at the level three hearing in *W.Va.Code,* 29-6A-4(c) [1988], there is no authority given to the Division of Personnel to issue a decision.

We recognize the importance of the Division of Personnel's involvement in misclassification grievances since the Division of Personnel is responsible for allocating the position of every employee in the classified service under *W.Va.Code,* 29-6-10(1) [1992]. However, the legislature has ensured that the Division of Personnel is involved by giving the Division of Personnel the discretion of appearing and introducing evidence at levels three and four of the grievance procedure. *W.Va.Code,* 29-6A-4(c) and (d) [1988].

There is an argument that the Division of Personnel can be given the right to appeal a decision in the grievance procedure based on the rationale in *Triggs v. Berkeley County Bd. of Ed.,* 188 W.Va. 435, 425 S.E.2d 111 (1992). In *Triggs* we stated that a county board of education or its superintendent has the right to appeal a grievance decision made by the superintendent's designee at level two under *W.Va. Code,* 18-29-3(t) [1985] even though the grievance procedure only specifically provides for an appeal by the grievant at that

---

**8.** In *Hayes v. W.Va. Department of Natural Resources,* Docket No. NR-88-038 (March 28, 1989), the West Virginia Education and State Employees Grievance Board found that in certain circumstances a third party, who is necessary for resolving the grievance, may meet the definition of "employer," which is set forth in *W.Va.Code,* 18-29-2(f) [1992], even though the third party is not an employer in the traditional sense.

**9.** *W.Va.Code,* 29-6A-4 [1988] sets out the procedure to be followed at each level of the grievance. Below is a summary of what occurs at each level of the grievance:

Level one: the immediate supervisor hears the grievance and issues a decision which the grievant can appeal to level two;

Level two: the administrator of the grievant's office hears the grievance and issues a decision which the grievant can appeal to level three;

Level three: the chief administrator of the grievant's employing department, board, commission, or agency hears the grievance and issues a decision which the grievant can appeal to level four (the personnel director of the state civil service commission or his designee may appear at the level three hearing and submit oral or written evidence);

Level four: a hearing examiner hears the grievance and issues a written decision (the personnel director of the state civil service commission or his designee may appear at the level four hearing and submit oral or written evidence).

Either party may appeal a level four decision to the circuit court under *W.Va.Code,* 29-6A-7 [1988].

level.[10] The *Triggs* case involves the grievance procedure for education employees set forth in *W.Va.Code*, 18–29–1, *et seq.*, which is similar to the Grievance Procedure for State Employees set forth in *W.Va.Code*, 29–6A–1, *et seq.*

However, a close reading of *W.Va.Code*, 18–29–3(t) [1985], the statute relied upon by this Court in *Triggs*, and its counterpart in the Grievance Procedure for State Employees, *W.Va.Code*, 29–6A–3(x) [1988], reveals differences in statutory language which prevents us from using the rationale in *Triggs* to extend the right to appeal to the Division of Personnel. *W.Va.Code*, 18–29–3(t) [1985], the statute relied upon by this Court in *Triggs*, states:

(t) Any chief administrator or governing board of an institution in which a grievance was filed may appeal such decision on the grounds that the decision (1) was contrary to law or lawfully adopted rule, regulation or written policy of the chief administrator or governing board, (2) exceeded the hearing examiner's statutory authority, (3) was the result of fraud or deceit, (4) was clearly wrong in view of the reliable, probative and substantial evidence on the whole record, or (5) was arbitrary or capricious or characterized by abuse of discretion. Such appeal shall follow the procedure regarding appeal provided the grievant in section four [§ 18–29–4] of this article and provided both parties in section seven [§ 18–29–7] of this article.

On the other hand, *W.Va.Code*, 29–6A–3(x) [1988], states:

(x) Any chief administrator with whom a grievance was filed *may appeal a level four decision* on the grounds that the decision (1) was contrary to law or lawfully adopted rule, regulation or written policy of the employer, (2) exceeded the hearing examiner's statutory authority, (3) was the result of fraud or deceit, (4) was clearly wrong in view of the reliable,

probative and substantial evidence on the whole record, or (5) was arbitrary or capricious or characterized by abuse of discretion. Such appeal shall follow the procedure regarding appeal provided the grievant in section four [§ 29–6A–4] of this article and provided both parties in section seven [§ 29–6A–7] of this article.

(emphasis added).

Although the two statutes are similar, *W.Va.Code*, 29–6A–3(x) [1988], unlike the statute in *Triggs*, makes it quite clear that the chief administrator can only appeal at level four. The case before us involves a level three decision. Furthermore, both statutes state that the chief administrator with whom the grievance was filed may appeal; however, the Division of Personnel is not the chief administrator with whom the grievance is filed in this case. Therefore, we note that there is no mechanism for the Division of Personnel to appeal a decision made at any level of the grievance procedure unless the Division of Personnel is the employing agency. Only the grievant has the right to appeal at levels one, two, and three under the Grievance Procedure for State Employees. *See W.Va. Code*, 29–6A–4 [1988].

Accordingly, we conclude that the Division of Personnel has no jurisdiction to hear or decide misclassification grievances at level three of the Grievance Procedure for State Employees set forth in *W.Va. Code*, 29–6A–1, *et seq.*, except in those instances where the Division of Personnel is the employing agency. Therefore, we find that the decision issued by Mr. Forsythe, of the Division of Personnel, is void.[11]

### III

■ Next, we address the issue of whether evaluator McClung had the authority to grant relief not requested. We hold that unless all parties agree to the modification, the level three hearing evalu-

---

10. *W.Va.Code*, 18–29–3(t) was amended in 1992; however, the amendment does not affect our discussion.

11. The Division of Personnel makes an argument that evaluator McClung's decision and Mr.

Forsythe's decision are inconsistent. The circuit court below found that the two decisions were consistent. However, we find this issue moot since we are holding that Mr. Forsythe's decision is void.

ator is without authority to modify the relief requested according to *W.Va.Code,* 29–6A–3(k) [1988].

The Grievance Procedure for State Employees specifically states: "Any change in the relief sought by the grievant shall be consented to by all parties or may be granted at level four within the discretion of the hearing examiner." *W.Va.Code,* 29–6A–3(k) [1988]. Not all of the parties have consented to the change in relief in the case before us.

We point out that although *W.Va.Code,* 29–6A–4(c) and (d) [1988] do not allow for the Division of Personnel to be involved in the decision making process, they do allow the director of the Division of Personnel or his designee to appear at levels three and four in order to submit oral or written evidence. Although *W.Va.Code,* 29–6A–4 [1988] does not specifically state that the Division of Personnel can become a party, we find that the logical conclusion is that the legislature intended, by giving the Division of Personnel the right to appear at levels three and four, for the Division of Personnel to have the discretion of becoming a party at levels three and four of the grievance procedure.

In *State ex rel. Dillion v. Neal,* 104 W.Va. 259, 264, 139 S.E. 757, 759 (1927), we stated: "The true meaning of any clause or provision is that which best accords with the subject and general purpose of the act and every part." The purpose of the Grievance Procedure for State Employees "is to provide a procedure for the equitable and consistent resolution of employment grievances[.]" *W.Va.Code,* 29–6A–1 [1988], in part. In furthering the purpose of the grievance procedure, the legislature gave the Division of Personnel the right to appear at levels three and four in order to submit evidence. Since only parties to an action generally have a right to submit evidence, we find that the legislature intended for the Division of Personnel to have the discretion of becoming a party at levels three and four in order to provide an equitable and consistent grievance procedure. To hold otherwise would be unfair because if the hearing evaluator can modify the relief requested without the Division of Personnel's consent, then the Division of Personnel would not have the opportunity to present evidence on whether or not the modification is a solution to the grievance. Therefore, the legislature has statutorily mandated that the Division of Personnel has the discretion of becoming a party at level three of the Grievance Procedure for State Employees, and as a party at level three of the grievance procedure the consent of the Division of Personnel is needed before the relief requested can be modified under *W.Va.Code,* 29–6A–3(k) [1988].

In the case before us the grievants have consented to the modification of relief. However, the Division of Personnel has not consented to the change in relief. We find that evaluator McClung had no authority to modify the relief requested, therefore, evaluator McClung's decision is also void.

Accordingly, we hold that the circuit court erred by ordering that evaluator McClung's decision be enforced.

### IV

■ Next, we will address the appellant's contention that the circuit court erred by issuing a writ of mandamus. We find that the appellees are not entitled to a writ of mandamus.

■ In syllabus point 3 of *Mounts v. Chafin,* 186 W.Va. 156, 411 S.E.2d 481 (1991), this Court stated:

'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

The appellees have failed to show that the first element exists because the appellees do not have the right to have the level three decision of evaluator McClung enforced since all parties have not agreed to his modification of the relief requested as

is required by *W.Va.Code*, 29–6A–3(k) [1988].

We hold that it was improper for the circuit court to issue a writ of mandamus since the appellees do not have a clear legal right to have evaluator McClung's decision enforced.

## V

Therefore, because of the confusion below, we remand the grievance to the hearing evaluator at level three for further proceedings consistent with this opinion even though the time guidelines set forth in the grievance procedure will not have been followed. Based on the foregoing, the August 26, 1992 order of the Circuit Court of Kanawha County is affirmed, in part, reversed, in part, and this case is remanded.

Affirmed, in part; reversed, in part, and remanded.