State of West Virginia

*v.*

Wayne Elder *d/b/a* Black Rock Coal Company
and National Surety Corporation, *a Corporation*

(No. 12725)

Submitted September 24, 1968.  Decided December 20, 1968.

C. *Donald Robertson*, Attorney General, *Fred M. Frisk, Jr.*, Assistant Attorney General, for appellant.

*Kay, Casto & Chaney, George S. Sharp*, for appellees.

CAPLAN, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Upshur County. That judgment resulted from an action instituted by the State of West Virginia against Wayne Elder d/b/a Black Rock Coal Company and National Surety Corporation for the recovery of the amounts of four performance bonds executed by the defendants as principal and surety to insure the proper reclamation following surface mining operations conducted under four separate surface mining permits. The judgment of the trial court, based upon stipulations and pleadings of the parties, awarded to the state the full amount of the bond executed under Permit No. 4797 in the sum of $6,000.00 and denied recovery on the other three bonds. From this judgment the state prosecutes this appeal. The appellees, contending that the court erred in entering judgment in the sum of $6,000.00 in favor of the plaintiff, assign cross-error.

Wayne Elder, d/b/a Black Rock Coal Company, obtained four surface mining permits from the State Department of Mines. Permit No. 4374 was issued on July 22, 1957. As required by law, prior to the issuance of the permit, a bond in the amount of $1,500.00 was posted to insure proper reclamation of the land. The defendant, National

Surety Corporation, was surety on this bond. In addition to this permit, Elder obtained Permit No. 4482 and posted a bond of $1,000.00; Permit No. 4536 and posted a bond in the amount of $3,500.00; and Permit No. 4797 with a bond in the amount of $6,000.00. National Surety Corporation was the surety on all said bonds.

After the mining operation was completed under Permit No. 4797, defendant Elder failed to perform any reclamation work on the tract of land subjected to surface mining. Thereafter defendant Elder was notified by the plaintiff by registered mail that he had not complied with the statutory reclamation requirements. There being no response from defendant Elder, the Department of Natural Resources of the State of West Virginia forwarded a registered letter to Wayne Elder revoking surface mining Permit No. 4797 and declaring the bond posted thereunder forfeited. By the same letter, Permits Nos. 4536, 4482 and 4374 were also revoked and the bonds posted thereunder were declared forfeited.

According to the order of the trial court the parties stipulated that in relation to Permit No. 4797, Elder "never performed any reclamation work upon said tract of land"; in relation to Permit No. 4536 it was stipulated that "no reclamation work remained to be done upon said tract of land"; concerning Permit No. 4482 the parties stipulated that "no reclamation work was required to be done upon said tract at the present time"; and that on Permit No. 4374 it was stipulated that "reclamation work was carried out upon the said tract of land except for some reseeding that was to be done * * *".

Upon the failure of the defendant and its surety to make payment in accordance with the demand of the state this action was instituted.

It is the position of the state that the trial court erred in holding that the state had not properly forfeited and could not recover the amounts of the bonds posted under Permits Nos. 4536, 4482 and 4374. The plaintiff asserts that notice of forfeiture complied with the requirements of

Code, 1931, 22-2A-5, as amended by Chapter 99, Acts of the Legislature, 1959, the pertinent part of which reads as follows:

"For failure to do all of the things required of the operator within one year after the completion of the mining operation on the land covered by the permit, and after receipt of a thirty-day notice in writing from the director of the department of mines, which notice may be sent by registered or certified mail, that any one or more of such things have not been done, the permit covering the particular operation and any other surface mining permits that may have been issued to the operator involved, shall be revoked by the director of the department of mines, and the performance bond shall be forfeited, unless such operator shall comply with the provisions of this section within said thirty-day period."

The plaintiff takes the position that a proper interpretation of the above quoted statute would permit the words "and the performance bond shall be forfeited" to mean and the performance bonds shall be forfeited. The trial court in its opinion said that where the statute provided "the performance bond shall be forfeited", it meant just what it said, that only one bond would be forfeited. Furthermore, said the court, the plaintiff could not recover on the other three bonds because it failed to give the thirty-day notice required by the statute.

While the defendants agree with the aforesaid holding relative to the forfeiture of the bonds, they contend that the court erred in permitting recovery of the full amount of the bond posted under Permit No. 4797. They reason that such recovery was improper in the absence of proof of damages and cite in support of their contention Code, 1931, 56-6-30.

In order to consider the propriety of the action of the trial court in holding that only one bond was properly forfeited it is necessary to examine the statute then in effect, Code, 1931, 22-2A-5, as amended by Chapter 99, Acts of the Legislature, 1959. Basically, that statute provided that if the operator failed to reclaim the land covered

by the permit, upon his receipt of a thirty-day notice from the director of the department of mines that such reclamation had not been performed, that surface mining permit and any other such permits issued to him shall be revoked and the performance bond shall be forfeited, unless the operator shall reclaim the land within the said thirty-day period.

By stipulation of the parties it was agreed that Elder had completed his strip mining operation under Permit No. 4797; that more than one year had passed since the completion of such work; that no reclamation work had been performed on said land; that the director of the department of mines had forwarded to Elder the thirty-day notice required by statute and that such notice had been received by Elder; that during said thirty-day period the operator failed to comply with the pertinent provisions of the surface mining statute; and that as a result of such noncompliance, Elder's permit was revoked and the bond posted thereunder was forfeited. The director not only revoked Permit No. 4797 and declared forfeited the bond posted thereunder, he also revoked Permits Nos. 4482, 4536 and 4374 and forfeited the bonds posted thereunder.

The above quoted statute provides that upon failure to comply with the reclamation requirements of the law, the permits issued to the operator shall be revoked and the *bond* forfeited. The plaintiff contends that this means that all bonds executed by the operator shall be forfeited when there is a failure to comply under one permit. The plain language of the statute will not permit such interpretation. In fact, where the language of a statute is clear and unambiguous the plain meaning is to be accepted without resorting to the rules of interpretation. As stated in *The Baird-Gatzmer Corporation* v. *Henry Clay Coal Mining Co.*, 131 W. Va. 793, 50 S. E. 2d 673, "This and other courts will always endeavor to give effect to what they consider the Legislative intent; but, we do not change plain and simple language employed in framing a statute unless there is an impelling reason for so doing." As stated in *Baird-Gatzmer*, we see no basis for such change in the instant

case. It appears clear to us that the statutory language "and the performance bond shall be forfeited," refers to the bond given under the permit under attack for non-compliance. It is significant that the word "bond" is in the singular. Of equal or greater significance are the provisions requiring a thirty-day notice prior to the revocation of the permit and the forfeiture of the bond. It is clearly provided therein that an operator may, within that thirty-day period, comply with the statute and thereby prevent the forfeiture of the bond.

No such thirty-day notice was given in relation to Permits Nos. 4482, 4536 and 4374; nor was there any showing that the operator had not complied with the law relative to such permits, except for some reseeding to be done under Permit No. 4374. Inasmuch as the state has failed to give the required thirty-day notice to Elder, informing him of the duties he has failed to perform, and has not afforded him the prescribed thirty days in which to comply, the purported forfeiture on the latter three bonds must fail. The prescribed notice of noncompliance, thereby affording the operator an opportunity to perform as required by the statute, must be shown before a performance bond given pursuant to a surface mining permit can be validly forfeited.

The remaining question for decision is the cross-error assigned by the defendants. As herein noted they complain that the recovery on the bond under Permit No. 4797 should be only in the amount of damages proved by the plaintiff, not the face amount of the bond. They contend that recovery of the face amount of a bond was permitted under the early common law, but that since the enactment of Code, 1931, 56-6-30, recovery must be confined to the amount of damages proved.

In relation to an action on a performance bond, Code, 1931, 56-6-30, where pertinent, provides: "The jury impaneled in any such action shall ascertain the damages sustained, or the sum due by reason of the breaches assigned, * * *." That the court decided this case in lieu of a jury is of no moment here. It is noted that the above

quoted language is in the disjunctive. The jury shall ascertain the damages sustained, or it shall ascertain the sum due by reason of the breaches assigned. The word "or" denotes an alternative between the two phrases it connects.

The bond involved in the instant case is penal in nature. It is a bond given to the state as a condition precedent to the acquiring of a surface mining permit. It obligates the principal on the bond to perform its surface mining operation in accordance with the law. If the operator fails to do so, after proper notice, the bond is forfeited. The trial court found the "sum due by reason of the breaches assigned" to be in the amount of the bond, $6,000.00. This is the sum due upon the forfeiture of this type of obligation.

The foregoing is well illustrated by the following cogent language: "The general rule is that where a bond is given to a public body, as a condition of license or other privilege, or conditioned upon compliance with law, the full penalty of such bond may be recovered as in the nature of liquidated damages for its breach, in the absence of express or implied provisions to the contrary in the statute or ordinance which prescribes the bond, or in the bond itself. Also as a general rule, the penalty in a bond will be treated as liquidated damages upon a breach of the bond, if the damages resulting from breach of the conditions cannot be estimated with certainty." 12 Am. Jur. 2d, Bonds, Section 44. See also *Clark* v. *Barnard,* 108 U. S. 436, 37 L. Ed. 780, 2 S. Ct. 878; *Fresh Grown Preserve Corp.* v. *United States,* 143 F. 2d 191; *Lyman* v. *Perlmutter,* 166 N. Y. 410, 60 N. E. 21; *State* v. *Vending Machine Corp.,* 174 Okla. 603, 51 P. 2d 724, 103 A. L. R. 391; *Salem* v. *Anson,* 40 Ore. 339, 67 P. 190; *St. Cloud* v. *Willenbring,* 195 Minn. 70, 261 N. W. 585, and 11 C. J. S., Bonds, Section 130.

We adopt the above quoted general rule in ascertaining the sum due by reason of the breaches assigned. There is no contention that there are any contrary provisions in the law which prescribes the bond or in the bond itself. Furthermore, it is quite obvious that it cannot be esti-

mated with any degree of certainty what the cost of reclamation of the twelve acre tract would be.

If this rule concerning the amount of recovery on the subject bond appears harsh, it is so with good cause. For too many years has our state permitted its hills and vales to be ravaged by the steel jaws of the behemoth-like shovel. Strip mining is a legitimate pursuit and thankfully the majority of those engaged therein are law abiding. However, experience has shown that even the legitimate operator becomes lax and frequently fails to fully comply with the law. With the recent enactment of more stringent laws regulating surface mining it is quite apparent that the legislature intended the forfeiture of the face amount of the bond as a penalty for the failure to comply with the law.

For the reasons stated herein the judgment of the Circuit Court of Upshur County is affirmed.

*Affirmed.*