591 S.E.2d 315

**RALEIGH GENERAL HOSPITAL,**
Petitioner Below, Appellant

v.

**Debra CAUDILL, Respondent**
**Below, Appellee.**

No. 31322.

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 28, 2003.

Decided Dec. 5, 2003.

**758**

Daniel T. Booth, Booth & McCarthy, Bridgeport, for Appellant.

John D. Wooton, Christopher M. Davis, The Wooton Law Firm, Beckley, for Appellee.

McGRAW, Justice:

This is an appeal from an order entered August 22, 2002 in the Circuit Court of Ra-

leigh County, West Virginia, granting summary judgment in favor of Appellee Debra Caudill, defendant below, and holding that Appellee is not liable for payment of medical expenses incurred by her now-deceased husband while he was a patient at Appellant Raleigh General Hospital.[1]

For the reasons discussed herein, the circuit court's order granting summary judgment in favor of Appellee is affirmed.

## I.

### FACTS

On or about August 22, 2000, August 29, 2000 and October 15, 2000, Appellee's husband, James Caudill, was treated at Appellant Raleigh General Hospital (Appellant Hospital) and, as a result, incurred debts for medical services received there. It is undisputed that Appellee's husband alone contracted for the medical services received and that the debts incurred were for medical supplies used by Appellant Hospital during the course of treating Appellee's husband. It is not alleged that the expenses incurred were for the services of any physician who may have treated Appellee's husband while he was a patient at Appellant Hospital.

On or about August 5, 2001, Appellant Hospital brought an action in the Magistrate Court of Raleigh County against Appellee and her husband alleging the couple was jointly and severally liable for $1,516.48, plus interest, in unpaid medical bills. After Appellee's husband died, Appellant Hospital continued the civil action against Appellee on the ground that, under the common law doctrine of necessaries, Appellee had an implied contract to pay for medical debts incurred by her husband during the marital relationship.

On August 28, 2001, Appellee filed a motion to dismiss, pursuant to *W.Va.R.Civ.P.* 12(b)(6). Thereafter, the case was removed to the Circuit Court of Raleigh County, where a hearing on Appellee's motion was conducted on April 8, 2002.

1. A memorandum order was originally entered in this case on August 21, 2002. The circuit court entered a corrected order on August 22, 2002, with a minor change; the corrected order incorporated by reference the court's August 21, 2002 memorandum ruling.

By Order entered August 22, 2002, the circuit court ordered that Appellee's motion to dismiss be treated as a motion for summary judgment, *United States Fidelity & Guaranty Co. v. Hathaway*, 183 W.Va. 165, 394 S.E.2d 764 (1990), and further, granted Appellee's motion, concluding that *W.Va. Code* § 48–3–22(1931),[2] which provided that both a husband and wife were liable for the reasonable and necessary services of a physician rendered to either spouse while residing together as husband and wife, did not also permit recovery by a hospital for other medical debts.[3] Accordingly, the circuit court concluded Appellee was not liable for her husband's medical debts. It is from the circuit court's Order granting summary judgment in favor of Appellee that Appellant Hospital now appeals.

## II.

## STANDARD OF REVIEW

█ The issue of whether Appellee is liable for the medical debts of her husband presents a question of law, which we consider *de novo:* " ' "Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).' Syllabus point 2, *Coordinating Council for Independent Living, Inc. v. Palmer*, 209 W.Va. 274, 546 S.E.2d 454 (2001)." Syl. pt. 1, *American Tower Corp. v. Common Council of City of Beckley*, 210 W.Va. 345, 557 S.E.2d 752 (2001).

## III.

## DISCUSSION

█ The issue of whether Appellee is liable for the unpaid medical debts of her husband is governed by *W.Va.Code* § 48–3–22

(1931), the statute in effect when the debts were incurred. *W.Va.Code* § 48–3–22 (1931) provided, in relevant part, that

> [a]ll purchases hereafter made, or services contracted for, by either husband or wife in his or her own name, shall be presumed, in the absence of notice to the contrary, to be on his or her private account and liability; *but both are liable for the reasonable and necessary services of a physician rendered to the husband or wife while residing together as husband and wife . . .* [.]

(Emphasis added)

Appellee argues that although the language of *W.Va.Code* § 48–3–22 (1931) clearly imposes liability on both a husband and wife for the "reasonable and necessary services of a physician" rendered to either spouse while residing together as husband and wife, the statute does not apply so as to hold Appellee liable for the medical debts at issue. We agree.

It is undisputed that Appellant Hospital seeks to recover the cost of medical supplies used in the treatment of Appellee's husband. It is further undisputed the medical debts at issue do not include costs for the services of any physician who treated Appellee's husband while he was a patient at Appellant Hospital. However, Appellant Hospital argues that because a patient cannot be admitted to or treated by a hospital without physician approval, *W.Va.Code* § 48–3–22 (1931) should be construed broadly so as to impose liability on a spouse for debts incurred during the course of a hospital's treatment of a husband or wife.

█ This Court has traditionally followed the principle that "[i]n any search for the meaning or proper application[ ] of a statute, we first resort to the language itself." *Maikotter v. Univ. of W.Va. Bd. of Trustees*, 206 W.Va. 691, 696, 527 S.E.2d 802,

---

**2.** The relevant statute in effect when the medical debts at issue were incurred was *W.Va.Code* § 48–3–22 (1931) ("[l]iability of husband and wife for purchases and services"). In 2001, the statute was amended and reenacted at *W.Va.Code* § 48–29–303. *See Acts of the Legislature* (ch. 91, 2001); Discussion, *infra*.

**3.** The circuit court also concluded that the doctrine of necessaries, which imposes upon a husband the duty to support his wife and to be financially responsible for the wife's contracts for necessaries (including medical debts), does not impose a reciprocal duty of support and financial responsibility upon a wife for her husband's contract for necessaries.

807 (1999). As we held in syllabus point 3 of *Maikotter*,

> ' " ' "Where language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2[,] *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968).' Syl. pt. 1, *Peyton v. City Council of Lewisburg*, 182 W.Va. 297, 387 S.E.2d 532 (1989)." Syl. pt. 3, *Hose v. Berkeley County Planning Commission*, 194 W.Va. 515, 460 S.E.2d 761 (1995).' Syl. pt. 2, *Mallamo v. Town of Rivesville*, 197 W.Va. 616, 477 S.E.2d 525 (1996).

Furthermore, in prior cases, we have emphasized that " '[i]t is not for [courts] arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, *we are obliged not to add to statutes something the Legislature purposely omitted.*' " *Williamson v. Greene*, 200 W.Va. 421, 426, 490 S.E.2d 23, 28 (1997) (*quoting Banker v. Banker*, 196 W.Va. 535, 546–47, 474 S.E.2d 465, 476–77 (1996).). (Emphasis provided)

 The language of *W.Va.Code* § 48–3–22 (1931) is clear and unambiguous. Under *W.Va.Code* § 48–3–22 (1931), both a husband and wife are liable for the reasonable and necessary services of a *physician* rendered to either spouse while residing together as husband and wife. By its express terms, the statute does not impose liability on both spouses for other medical services rendered to the husband or wife, but limits such liability to physicians' services. Because we are constrained by the foregoing rules of statutory construction, we must apply the statute as written. We hold, therefore, that under *W.Va.Code* § 48–3–22 (1931), *inter alia*, both a husband and wife are liable for the reasonable and necessary services of a physician rendered to either spouse while residing together as husband and wife. As previously stated, the medical debts for which Appellant Hospital seeks payment from Appellee are not for any services of a physician rendered to Appellee's husband while he was a patient at Appellant Hospital; therefore, Appellee is not liable for those debts under *W.Va.Code* § 48–3–22 (1931).[4]

## IV.

## CONCLUSION

For the reasons stated, the Order of the Circuit Court of Raleigh County, entered August 22, 2002, is hereby affirmed.

Affirmed.

---

4. We note that when the Legislature amended and reenacted *W.Va.Code* § 48–3–22 (1931) in 2001, the statutory language providing that "[a] husband and wife are both liable for the reasonable and necessary services of a physician rendered to the husband or wife while residing together as husband and wife" was unchanged. *W.Va.Code* § 48–29–303 (2001). Thus, the Legislature declined recently the opportunity to explicitly expand a husband and wife's liability for other medical services rendered to either spouse. Consequently, were this Court to apply to the instant case the relevant statute presently in effect, our holding would be the same.