704 S.E.2d 714

### Warren K. HOLLINGHEAD, Petitioner Below, Appellant,

v.

### James W. CHILDERS, Sheriff of Greenbrier County, Respondent Below, Appellee.

### No. 35530.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 2010.

Decided Nov. 19, 2010.

---

3. The victim is now divorced from the defendant.

Barry L. Bruce, Esq., Mark J. Jenkins, Esq., Barry L. Bruce and Associates, Lewisburg, WV, for Appellant.

Patrick I. Via, Esq., Prosecuting Attorney's Office, Lewisburg, WV, for Appellee.

PER CURIAM:

The instant action is before this Court upon the appeal of Warren K. Hollinghead ["Appellant"], from an October 2, 2009, circuit court order denying his Petition for Review upon the Sheriff of Greenbrier County's denial of the renewal of Appellant's concealed

weapons permit. Herein, Appellant asserts that his application for renewal of his concealed weapons license was wrongfully denied because the circuit court failed to properly apply W. Va.Code § 61–7–4 to the facts of the instant matter. This Court has before it the petition for appeal, all matters of record, and the briefs and argument of counsel. For the reasons expressed below, the October 2, 2009, order of the Circuit Court of Greenbrier County is reversed and remanded.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On September 19, 1994, Appellant pled no contest to Simple Battery under W. Va.Code § 61–2–9 in the Magistrate Court of Greenbrier County, West Virginia, for unlawfully physically contacting his nephew, Brian Hollinghead, at the residence of a third party.[1] Nearly three years later, on July 31, 1997, Appellant filed an initial application for a concealed pistol/revolver license ("CWL") with Albert W. Lindsey, former Sheriff of Greenbrier County. His application was granted on August 15, 1997. On August 29, 2002, Appellant filed a renewal application for his CWL with Sheriff Lindsey and the application was granted on October 15, 2002.

On or about September 17, 2007, Appellant filed a renewal application for his CWL pursuant to W. Va.Code § 61–7–4. By letter dated August 8, 2008, the former Sheriff of Greenbrier County, Roger Sheppard, denied the Appellant's application. The letter stated the following:

> This is to notify you that your application for renewal of a Concealed Pistol License is denied. This denial is based upon State Code 61–7–7, which states that anyone who been convicted of battery, that is domestic related, is prohibited from possessing a firearm. A certified copy, of a Criminal Case History, from Greenbrier County Magistrate records, shows that you have a no-contest plea to the charge of battery.

1. The record actually refers to Brian Hollinghead as Appellant's nephew/adopted stepbrother. Appellant represented during oral argument that the incident was provoked after his nephew beat his elderly father. He maintains that this is the only incident he has had with the law in his life.

This incident is dated September 14, 1994. This is considered to be domestic related since the victim was your nephew/adopted brother. You have the right to appeal this denial to the Circuit Court of Greenbrier County. Your appeal must be filed within 30 days of the date below ...

By letter dated February 13, 2009, the current Sheriff of Greenbrier County, James Childers, also denied the Appellant's request for renewal of his CWL. Sheriff Childers' letter indicated that he had reviewed Appellant's file, and that he also was denying the Appellant's application because he was in agreement with the decision of Roger Sheppard, in that W. Va.Code § 61–7–7 prohibited the Appellant from possessing a concealed weapons permit due to the fact the Appellant plead no-contest to a charge of battery in 1994. Specifically, the letter stated:

I have reviewed the contents of the file containing Mr. Hollinghead's application and letter from Sheriff Sheppard denying that application. The denial letter cites West Virginia Code 61–7–7 which in part reads; "or has been convicted in any court of any jurisdiction of a comparable misdemeanor crime of domestic violence." Mr. Hollinghead's no-contest plea in 1994, to the crime of battery, I believe constitutes a crime of domestic battery since the victim was Brian Hollinghead who is the nephew/stepbrother of Mr. Warren Keith Hollinghead. West Virginia Code 61–2–28 is titled Domestic violence-Criminal acts. Domestic battery is described as contact of an insulting or provoking nature against family or household member. West Virginia Code 48–27–204 contains both nephew and stepbrother as a definition of a family or household member.

Therefore I am in agreement with the decision of Sheriff Sheppard to deny the application of Mr. Hollinghead for a license to carry a concealed firearm.

Appellant filed his "Petition for Review of Denial of Petitioner's Application for a Concealed Weapons Permit" on March 13, 2009, in the Circuit Court of Greenbrier County. By order dated October 2, 2009, the circuit court denied Appellant's Petition for Review, upholding Sheriff Childers' denial of renewal of his CWL.

## II.

### STANDARD OF REVIEW

■ We apply a plenary standard of review in this matter. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

### DISCUSSION

Appellant asserts the three following arguments in his brief: 1) Appellant is entitled to receive a concealed weapons permit according to West Virginia Code Section 61–7–4; 2) Appellant is not prohibited from possessing a firearm according to West Virginia Code Section 61–7–7; and 3) The *United States v. Hayes* decision has no relevance to the instant matter. To the extent that each of these arguments support the general overarching issue in this appeal of whether the circuit court erred in denying his Petition for Review of the Sheriff of Greenbrier County's nonrenewal of his CWL, we will discuss each of these issues in tandem.

However, before addressing the substance of Appellant's assignments of error, it is necessary to first set forth the relevant conclusions of law made by the circuit court and its legal analysis in its order denying Appellant's Petition for Review. Specifically, the circuit court's order provides, in pertinent part, the following:

#### Conclusions of Law

1. "Each applicant [for a CWL] shall file with the sheriff, a complete application, as prepared by the Superintendent of the West Virginia State Police, in writing, duly verified, which sets forth only the following licensing requirements ... [t]hat the applicant has not been convicted of a misdemeanor offense of assault or battery either under the provisions of [W. Va.Code § 61–2–28] or the provisions of subsection (b) or

(c) [of W. Va.Code § 61–2–9] in which the victim was a current or former spouse, current or former sexual or intimate partner, person with whom the defendant has a child in common, person with whom the defendant cohabits or has cohabited, a parent or guardian, the defendant's child or ward or a member of the defendant's household at the time of the offense; or a misdemeanor offense with similar essential elements in a jurisdiction other than this state." W. Va.Code § 61–7–4(a)(6).

2. "If the information in the application is found to be true and correct, the sheriff shall issue a [concealed weapons] license." W. Va.Code § 61–7–4(f).

3. "When read together with the amendment to Article III, § 22, which gives a citizen the constitutional right to keep and bear arms, we believe the legislative intent [in enacting W. Va.Code § 61–7–4] was to allow only those citizens who qualify under W.Va.Code § 61–7–4, to obtain a license to carry a concealed weapon." *In re Metheney,* 182 W.Va. 722, 725, 391 S.E.2d 635, 638 (1990), overruled on other grounds, *In re Dailey,* 195 W.Va. 330, 465 S.E.2d 601 (1995).

4. "In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." Syl. Pt. 2, *Smith v. State Workmen's Compo [Compensation] Comm'r,* 159 W.Va. 108, 210 [219] S.E.2d 361 (1975).

5. By enacting W. Va.Code § 61–7–4(a)(6), the legislature made known its intention to keep concealed weapons out of the hands of batterers and domestic batterers by limiting possession of a CWL to those who have not been convicted under W. Va.Code § 61–2–28 or under W. Va. Code §§ 61–2–9(b) or (c) in which the victim was a current or former spouse, current or former sexual or intimate partner, person with whom the defendant has a child in common, person with whom the defendant cohabits or has cohabited, a parent or guardian, the defendant's child or ward or a member of the defendant's household at the time of the offense.

6. "The Legislature of this state finds that Domestic violence is a major health and law-enforcement problem in this state with enormous costs to the state in both dollars and human lives. It affects people of all racial and ethnic backgrounds and all socioeconomic classes; and Domestic violence can be deterred, prevented or reduced by legal intervention that treats this problem with the seriousness that it deserves." W. Va.Code § 48–27–101(a)(3–4).

7. "This article shall be liberally construed and applied to promote the following purposes: ... [t]o create a speedy remedy to discourage violence against family or household members with whom the perpetrator of domestic violence has continuing contact; ...; [t]o facilitate equal enforcement of criminal law by deterring and punishing violence against family and household members as diligently as violence committed against strangers; [t]o recognize that domestic violence constitutes serious criminal behavior with potentially tragic results and that it will no longer be excused or tolerated; and [t]o recognize that the existence of a former or on-going familial or other relationship should not serve to excuse, explain or mitigate acts of domestic violence which are otherwise punishable as crimes under the laws of this state." W. Va.Code § 48–27–101(b)(2–6).

8. "Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syl. Pt. 3, *Smith v. State Workmen's Compo [Compensation] Comm'r,* 159 W.Va. 108, 210 [219] S.E.2d 361 (1975).

9. "Any person who unlawfully and intentionally makes physical contact of an insulting or provoking nature with his or her family or household member ... is guilty of a misdemeanor...." W. Va.Code § 61–2–28(a).

10. "As used in this section, 'family or household member' means 'family or household member' as defined in 48–27–204 of this code." W. Va.Code § 61–2–28(e).

11. " 'Family or household members' means persons who [h]ave the following relationships to another person: ... [u]ncle, uncle-in-law or step uncle; [n]iece or nephew...." W. Va.Code § 48–27–204(7)(N–O).

12. The Supreme Court of the United States found that for a federal conviction under 18 U.S.C. § 922(g)(9), which makes it a federal crime to possess a firearm if you have even been convicted of a "misdemeanor crime of domestic violence," the predicate misdemeanor need not have as an element a specified domestic relationship between the misdemeanant and the victim. *U.S. v. Hayes* [555 U.S. 415], 129 S.Ct. 1079, 1082 [172 L.Ed.2d 816] (2009).

13. The reasoning employed by the Supreme Court of the United States was previously affirmed by the West Virginia Supreme Court of Appeals when it stated, "We adopt the reasoning of the [*U.S. v.*] *Belless* [338 F.3d 1063 (9th Cir.2003)] court and its sister courts and hold that a violation of 18 U.S.C. § 922(g)(9), which prohibits the possession of a firearm by one who has a prior misdemeanor conviction for domestic violence, does not require that the underlying statute include as an element of the offense a domestic relationship between the victim of the domestic violence and the misdemeanant." *In re Petition of Parsons*, 218 W.Va. 353, 359, 624 S.E.2d 790, 796 (2005).

## Discussion

It is uncontested that the victim in the Plaintiff's underlying battery conviction is the Plaintiffs nephew. It is also uncontested that the Plaintiff was not convicted under W. Va.Code § 61–2–28 ("Domestic Battery") or W. Va.Code § 61–2–9 ("Simple Battery") subsections (b) or (c) in which the victim and misdemeanant shared one of the enumerated domestic relationships found in W. Va.Code § 61–7–4(a)(6). However, that is not the end of the story. Obviously, the Legislature of West Virginia has promulgated several pieces of legislation which enshrine the Legislature's intent to protect the victims of domestic violence and to keep concealed, deadly weapons out of the hands of those with a history of perpetrating such domestic violence.

Furthermore, although the Plaintiff was convicted of Simple Battery and not convicted under the Domestic Battery statute, he undoubtedly could have been convicted for Domestic Battery because the Plaintiff shared a necessary relationship with his victim under W. Va.Code § 48–27–204(7)(N–O).

In much the same way, the underlying predicate offenses of the petitioner in *Parsons* and the defendant in *Hayes* did not have as an element the domestic relationship required by 18 U.S.C. § 922(g)(9), yet both the West Virginia Supreme Court of Appeals and the Supreme Court of the United States affirmed that the underlying conviction's elements were not necessarily dispositive on the issue of liability under 18 U.S.C. § 922(g)(9). In *Hayes*, the Defendant was convicted under 18 U.S.C. § 922(g)(9) for possessing a firearm, even though his predicate offense was Simple Battery and not a domestic battery, as required under the federal law. *Hayes* at 1082–1083. In *Parsons*, the West Virginia Supreme Court of Appeals positively treated the rationale of the federal Circuit Courts of Appeals that the Supreme Court of the United States affirmed in *Hayes*. *Parsons* at 359 [624 S.E.2d 790]. Essentially, the two cases read in tandem stand for the idea that the West Virginia Supreme Court (and the Supreme Court of the United States for that matter) would allow a citizen to be convicted under 18 U.S.C. § 922(g)(9) based on a predicate conviction that did not have as an element of that predicate conviction the necessary domestic relationship required by U.S.C. § 922(g)(9).

Because of such, this Court reasons that if neither court would oppose such a loss of freedom for a citizen, then certainly neither court would oppose a citizen losing his lesser right to possess a CWL for being convicted of a crime that does not possess the necessary domestic relationship required by W. Va.Code § 61–7–4(a)(6). This is especially so, considering how the

required domestic relationship is present and would, allow for a conviction under the Domestic Battery statute, and such conviction would necessarily prevent the Plaintiff from obtaining a CWL. Moreover, this opinion of the Court is further buttressed by the overwhelming intent of the Legislature of West Virginia to keep concealed, deadly weapons out of the hands of domestic batterers and to eradicate the scourge of domestic violence within our state.

It is, therefore, **ORDERED** that

1. Plaintiff's Appeal is DENIED.

In his first assignment of error, Appellant asserts that his application for renewal of his concealed weapons license was wrongfully denied because the circuit court failed to properly apply W. Va.Code § 61–7–4 to the facts of the instant matter. West Virginia Code § 61–7–4 ["License to carry deadly weapons; how obtained"] provides, in pertinent part:

(a) Except as provided in subsection (h) of this section, any person desiring to obtain a state license to carry a concealed deadly weapon shall apply to the sheriff of his or her county for the license, and shall pay to the sheriff, at the time of application, a fee of $75, of which $15 of that amount shall be deposited in the Courthouse Facilities Improvement Fund created by section six, article twenty-six, chapter twenty-nine of this code. Concealed weapons permits may only be issued for pistols or revolvers. Each applicant shall file with the sheriff, a complete application, as prepared by the Superintendent of the West Virginia State Police, in writing, duly verified, which sets forth only the following licensing requirements:

\*     \*     \*

(6) That the applicant has not been convicted of a misdemeanor offense of assault or battery either under the provisions of section twenty-eight, article two of this chapter or the provisions of subsection (b) or (c), section nine, article two of this chapter in which the victim was a current or former spouse, current or former sexual or intimate partner, person with whom the defendant has a child in common, person with whom the defendant cohabits or has cohabited, a parent or guardian, the defendant's child or ward or a member of the defendant's household at the time of the offense; or a misdemeanor offense with similar essential elements in a jurisdiction other than this state;

\*     \*     \*

(f) If the information in the application is found to be true and correct, the sheriff shall issue a [concealed weapons] license.

W. Va.Code § 61–7–4(a)(6) (2009).

Appellant contends that pursuant to W. Va.Code § 61–7–4, his application for renewal of his CWL should have been denied only if he had been convicted of a crime of assault or battery under W. Va.Code § 61–2–28 (Domestic Battery)[2] or W. Va.Code § 61–2–9 (Simple Battery)[3] in which the victim was a

---

**2.** W. Va.Code § 61–2–28(a) provides the following:

(a) Domestic battery.—Any person who unlawfully and intentionally makes physical contact of an insulting or provoking nature with his or her family or household member or unlawfully and intentionally causes physical harm to his or her family or household member, is guilty of a misdemeanor and, upon conviction thereof, shall be confined in a county or regional jail for not more than twelve months, or fined not more than five hundred dollars, or both.

W. Va.Code § 61–2–28(a) (2004).

For further discussion on the provisions of a previously enacted and arguably applicable version of W. Va.Code § 61–2–28, see footnote 7, *infra*.

**3.** West Virginia Code § 61–2–9(b) provides the following:

(b) Assault.—If any person unlawfully attempts to commit a violent injury to the person of another or unlawfully commits an act which places another in reasonable apprehension of immediately receiving a violent injury, he shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than six months, or fined not more than one hundred dollars, or both such fine and imprisonment.

W. Va.Code § 61–2–9(b) (2004).

West Virginia Code § 61–2–9(c) provides the following:

(c) *Battery*.—If any person unlawfully and intentionally makes physical contact of an insulting or provoking nature with the person of another or unlawfully and intentionally causes physical harm to another person, he shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than

current or former spouse of the Appellant, current or former sexual or intimate partner of the Appellant, person with whom the Appellant had children in common, person with whom the Appellant cohabitated or had cohabitated with, a parent or guardian of the Appellant, the Appellant's child or ward or a member of the Appellant's household at the time of the offense. Appellant asserts that the uncontested facts of the instant matter demonstrate that Appellant has never been convicted of a misdemeanor offense of assault or battery under the provisions of W. Va. Code § 61–2–28. Additionally, Appellant contends that although he pled no-contest to a charge of Simple Battery under W. Va. Code § 61–2–9 in 1994 for the battery of his nephew, the victim was not the Appellant's former spouse, current or former sexual or intimate partner, person with whom the Appellant has a child in common, person with whom the Appellant cohabitated or had cohabitated with, a parent or guardian of the Appellant, the Appellant's child or ward or a member of the Appellant's household, as contemplated by W. Va.Code § 61–7–4. Appellant maintains that because the language of W. Va.Code § 61–7–4 is clear and unambiguous, the plain meaning of its provisions should be accepted without resorting to the rules of interpretation. *See Whiteside v. Whiteside,* 222 W.Va. 177, 663 S.E.2d 631 (2008); *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968).

Next, Appellant indicates that instead of denying his CWL application pursuant to the express terms of W. Va.Code § 61–7–4, as cited above, the Sheriff of Greenbrier County wrongfully denied his application pursuant to W. Va.Code § 61–7–7, which generally prohibits certain individuals from possessing firearms outright. Specifically, W. Va.Code § 61–7–7 provides, in pertinent part:

(a) Except as provided in this section, no person shall possess a firearm, as such is defined in section two of this article, who:

\*     \*     \*

twelve months, or fined not more than five hundred dollars, or both such fine and imprisonment.
W. Va.Code § 61–2–9(c) (2004).

(8) Has been convicted of a misdemeanor offense of assault or battery either under the provisions of section twenty-eight, article two of this chapter or the provisions of subsection (b) or (c), section nine of said article in which the victim was a current or former spouse, current or former sexual or intimate partner, person with whom the defendant has a child in common, person with whom the defendant cohabits or has cohabited, a parent or guardian, the defendant's child or ward or a member of the defendant's household at the time of the offense or has been convicted in any court of any jurisdiction of a comparable misdemeanor crime of domestic violence.

W. Va.Code, § 61–7–7(a)(8) (2008).

Appellant argues that the language of W. Va.Code § 61–7–7 is virtually identical to the language used in W. Va.Code § 61–7–4, and thus, because Appellant's nephew is not one of the individuals listed in W. Va.Code § 61–7–7, he is not also not generally prohibited from possessing a firearm.

Lastly, Appellant contends that the circuit court should have followed the plain and unambiguous language of W. Va.Code § 61–7–4 instead of resorting to the rules of statutory interpretation and using the United States Supreme Court case, *U.S. v. Hayes,* 555 U.S. 415, 129 S.Ct. 1079, 172 L.Ed.2d 816, to justify its decision. Appellant maintains that the *Hayes* decision has no relevancy to the instant matter because *Hayes* dealt with the Federal Gun Control Act of 1968, 18 U.S.C. § 921, which is not applicable here.[4] Appellant states that he has never been charged with any violation of that act.

Furthermore, Appellant asserts that the circuit court erred in finding that Appellant could have been charged with violating W. Va.Code § 61–2–28, as it existed in 1994. Appellant contends that the currently enacted 2004 version of W. Va.Code § 61–2–28 states that the definition of family or house-

4. As stated in the circuit court's discussion recited above, in *Hayes,* the Defendant was convicted under 18 U.S.C. § 922(g)(9) for possessing a firearm, even though his predicate offense was Simple Battery and not a domestic battery, as required under the federal law. *Hayes* at 1082–83.

hold member is to be found by referencing W. Va.Code § 48–27–204.[5] However, at the time Appellant was charged with the subject crime in 1994, the previously enacted 1994 version of W. Va.Code § 61–2–28 used the definition of family/household member found in W. Va.Code § 48–2A–2.[6] In September 1994, the definition of family/household member in effect did not include "nephew" as a family/household member. Appellant points out that the West Virginia Legislature did not add the current definition of family/household member until 2004, some ten years after Appellant was charged.

In response, Appellee contends that the circuit court properly considered the requisite application of law in denying Appellant's Petition for Review because the legislative intent of W. Va.Code § 61–7–4 would dictate the denial of a CWL to one convicted of a violent crime against a family member. Appellee asserts that the clear intent of W. Va.Code § 61–7–4 was to ensure that individuals having been convicted of a domestic crime of violence not avail themselves of the freedom to be armed in a concealed fashion. Appellee asserts that because Appellant was convicted of a crime against a family member, a nephew, by operation of W. Va.Code § 48–27–204(N–O), this would qualify as a crime of Domestic Battery under W. Va.Code § 61–2–28. Appellee maintains that more specifically, W. Va.Code § 48–27–204(7)(N–O) is far more inclusive and logical in defining those intended to be protected, and sets out the definition of those to be protected through the criminal prosecution of violent aggressors in W. Va.Code § 61–2–28(a) and (b). Appellee asserts that the circuit court's interpretation of these statutes, read together as a policy addressing the issue of domestic violence, should be affirmed.

Appellee also contends that although the Sheriff of Greenbrier County denied Appellant's application for renewal citing the provisions of W. Va.Code § 61–7–7 (possession of a firearm), instead of § 61–7–4 (permission to carry a concealed weapon), the State has no intent nor desire to prosecute the Appellant for simply possessing a firearm, and that Appellant's constitutional rights in that regard are in no way meant to be infringed. Rather, it is the State's interest in public safety, and the recognition that carrying a concealed weapon creates a heightened opportunity, and therefore likelihood of not only breaches of the peace but life threatening encounters, which has given rise to the permitting process for concealed weapons, and its resilience to constitutional challenge.

Appellee maintains that the administrative function of granting or denying a concealed weapons permit should not be held to the same standard as the pursuit of criminal conviction of a defendant. Rather, the strong public interest in public safety makes it clear that the Legislature intended that those having had, in the past, a propensity for violence in a domestic environment, should be regulated and prevented from unlawfully carrying a concealed weapon. Thus, in the application of an administrative permitting function, the Appellee believes it is appropriate to consider the interaction of the various relevant statutes to determine the actual intent and goal of the overriding public policy. Appellee further believes that in light of the public policy against domestic violence, the circuit court's interpretation and application of the United States Supreme

---

5. Pursuant to W. Va.Code § 61–2–28(e), "... family or household member' means 'family or household member' as defined in 48–27–204 of this code." W. Va.Code § 61–2–28(e) (2004). Under W. Va.Code 48–27–204(7)(N–O), " '[f]amily or household members' means persons who [h]ave the following relationships to another person: ... [u]ncle, uncle-in-law or step uncle; [n]iece or nephew...." W. Va.Code § 48–27–204(7)(N–O) (2002).

6. Prior to subsequent amendments, the 1994 version of W. Va.Code § 61–2–28 provided that "(d) For the purposes of this section the term 'family or household member' means 'family or household member' as defined in section two, article two-a, chapter forty-eight of this code." W. Va. Code § 61–2–28 (1994). In 1994, W. Va.Code § 48–2A–2 defined "family or household member" to mean "current or former spouses, persons living as spouses, persons who formerly resided as spouses, parents, children and stepchildren, current or former sexual or intimate partners, person who are dating or who have dated, persons who are presently residing or cohabitating together or in the past have resided or cohabitated together or a person with whom the victim has a child in common." W. Va.Code § 48–2A–2 (1994).

Court case, *U.S. v. Hayes*, 555 U.S. 415, 129 S.Ct. 1079, 172 L.Ed.2d 816, is appropriate.

■ After considering the parties' arguments in this matter, and following thorough review of the applicable statutory authorities herein, we agree with the contentions of the Appellant and find that the circuit court erroneously denied Appellant's Petition for Review of the Sheriff of Greenbrier County's nonrenewal of his CWL. Under the express provisions of W. Va.Code § 61–7–4, Appellant's application for renewal of his CWL should have been denied only if he had been convicted of a crime of assault or battery under W. Va.Code § 61–2–28 (Domestic Battery) or W. Va.Code § 61–2–9 (Simple Battery) in which the victim was a current or former spouse of the Appellant, current or former sexual or intimate partner of the Appellant, person with whom the Appellant had children in common, person with whom the Appellant cohabitated or had cohabitated with, a parent or guardian of the Appellant, the Appellant's child or ward or a member of the Appellant's household at the time of the offense. W. Va.Code § 61–7–4.

Herein, the uncontested facts demonstrate that Appellant has never been convicted of a misdemeanor offense of assault or battery under the provisions of W. Va.Code § 61–2–28. Additionally, although Appellant pled no-contest to a charge of Simple Battery under W. Va.Code § 61–2–9 in 1994 for the battery of his nephew, the victim was not the Appellant's former spouse, current or former sexual or intimate partner, person with whom the Appellant has a child in common, person with whom the Appellant cohabitated or had cohabitated with, a parent or guardian of the Appellant, the Appellant's child or ward or a member of the Appellant's household, as required by W. Va.Code § 61–7–4. We find that the language of § 61–7–4 is clear and unambiguous, and thus, the plain meaning of its provisions should be accepted without resorting to the rules of interpretation. *See Whiteside v. Whiteside*, 222 W.Va. 177, 663 S.E.2d 631; *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108. *See also DeVane v. Kennedy*, 205 W.Va. 519, 529, 519 S.E.2d 622, 632 (1999)("When the language of a statutory provision is plain, its terms should be

applied as written and not construed."). In deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995).

■ Additionally, because this matter is strictly governed by the express terms of W. Va.Code § 61–7–4, the specific statutory section which provides how licenses to carry concealed weapons are to be obtained, we find that the circuit court erred in affirming the Sheriff of Greenbrier County's denial of Appellant's application for renewal of CWL to the extent that it cited to the provisions of W. Va.Code § 61–7–7 as reasons for its denial. While we acknowledge this State's very necessary and important public policy concerns regarding the issue of domestic violence, the facts of this case demonstrate that the circuit court's consideration of the interaction of our various domestic violence statutes to determine the intent of W. Va.Code § 61–7–4 was misplaced. As the Appellant correctly points out, the circuit court erred in finding that Appellant could have been charged with violating W. Va.Code § 61–2–28, as it existed in 1994. Appellant contends that the currently enacted 2004 version of W. Va.Code § 61–2–28 states that the definition of family or household member is to be found by referencing W. Va.Code § 48–27–204. However, at the time Appellant was charged with the subject crime in 1994, the previously enacted 1994 version of W. Va.Code § 61–2–28 used the definition of family/household member found in W. Va.Code § 48–2A–2, which did not include "nephew" as a family/household member. The West Virginia Legislature did not add the current definition of family/household member until 2004, some ten years after Appellant was charged. Accordingly, based on the circumstances herein, the Appellant could not have been charged with a crime of domestic violence in 1994.

Furthermore, because we find that the plain and unambiguous terms of W. Va.Code § 61–7–4 apply to the circumstances of this case, we find that the circuit court's reliance

on the United States Supreme Court decision, *U.S. v. Hayes,* 555 U.S. 415, 129 S.Ct. 1079, 172 L.Ed.2d 816, was also misguided. The *Hayes* decision has no relevancy to the instant matter because *Hayes* dealt with the Federal Gun Control Act of 1968, 18 U.S.C. § 921. Appellant has never been charged with any violation of that act, and thus, *Hayes* is obviously not applicable to the instant matter. For all these reasons, we find that the circuit court's order denying Appellant's Petition for Review was erroneous and therefore must be reversed.

## IV.

### CONCLUSION

Accordingly, for the foregoing reasons, the October 2, 2009, order of the Circuit Court of Greenbrier County denying Appellant's Petition for Review is reversed and remanded for entry of an order consistent with this Opinion.

**Reversed and remanded.**