# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Beverly Saunders,**
**Plaintiff Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0924** (Summers County 11-C-40)

**Frank Jezioro, Director of the West Virginia**
**Division of Natural Resources,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Beverly Saunders, by counsel Michael Gibson, appeals the Circuit Court of Summers County's order entered June 25, 2012, which granted respondent's motion to dismiss for filing beyond the applicable statute of limitations. Respondent Frank Jezioro, Director of the West Virginia Division of Natural Resources, appears by counsel Lou Ann Cyrus.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This is a personal injury case filed by Petitioner Beverly Saunders against Respondent Frank Jezioro. The facts are as follows: On August 1, 2009, petitioner was at the Pipestem Resort State Park Amphitheater. As petitioner was exiting the facility, she stubbed her toe on a two-inch indentation on the blacktop, fell, and was injured. It is undisputed that pursuant to the two-year statute of limitations for this bodily injury claim, petitioner was required to file her complaint on or before August 1, 2011, unless the statutory period was tolled by some other means.[1] It is further undisputed that on July 19, 2011, petitioner mailed, via certified mail return receipt requested, pre-suit notice of her claim pursuant to West Virginia Code § 55-17-3 to respondent and the Attorney General for the State of West Virginia. Both return receipts were signed on July 20, 2011. Finally, it is undisputed that on August 29, 2011, petitioner filed her complaint for damages she received as a result of her fall. Thereafter, respondent filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

---

[1] It is undisputed that the two-year statute of limitations set forth in West Virginia Code § 55-2-12 applies to petitioner's complaint.

1

By Order entered on June 25, 2012, the circuit court granted respondent's motion to dismiss, concluding that petitioner's complaint was not timely filed under West Virginia Code §§ 55-17-3(a)(2) and 55-2-12. The circuit court opined that the statute of limitations for petitioner's personal injury action began to run on August 1, 2009, the date of her injury. The circuit court further ruled that petitioner properly served pre-suit notice on July 19, 2011, and the date of the return receipt was July 20, 2011. Therefore, the thirty day tolling period began on July 20, 2011. Also, the circuit court found that the last day for petitioner to timely file suit was on August 20, 2011. Since petitioner filed her complaint nine day later, on August 29, 2011, the circuit court ruled that petitioner's complaint was untimely filed. It is from this order that petitioner now appeals.

On appeal, petitioner argues the circuit court misinterpreted the tolling provision of West Virginia Code § 55-17-3 as the word "tolled" means to suspend or stop temporarily. Under this meaning, petitioner argues that the statute of limitations was suspended for thirty days once proper pre-suit notice was given. By contrast, respondent argues that a plain meaning of the word "tolled" in West Virginia Code § 55-17-3 will not affect the statute of limitations unless a petitioner files the required pre-suit notice less than thirty days before the applicable statute of limitations expires. In such a case, a petitioner must file his/her complaint on the thirtieth day from the date of service of the notice or the returned receipt. Respondent further argues the applicable code section "demonstrates that the Legislature intended to allow the expiration of the applicable statute of limitations to be extended for up to, but not to exceed, thirty days beyond the date of the returned receipt, only when such tolling is necessary to enable compliance with the pre-suit notice provision." Finally, respondent argues that the principles of sovereign immunity prevent petitioner from adding an additional thirty days to the statute of limitations.[2]

This Court previously has held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Posey v. City of Buckhannon*, 228 W.Va. 612, 723 S.E.2d 842 (2012). Our analysis must begin by reviewing Chapter 55, Article 17, of the West Virginia Code which is the governing statute relating to actions against the State. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Workmen's Comp. Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975). "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968).

West Virginia Code § 55-17-3(a) states:

(a)(1) Notwithstanding any provision of law to the contrary, at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired. Upon receipt, the chief officer of the government agency shall forthwith

---

[2] The Court declines to address respondent's sovereign immunity argument.

forward a copy of the notice to the President of the Senate and the Speaker of the House of Delegates. The provisions of this subdivision do not apply in actions seeking injunctive relief where the court finds that irreparable harm would have occurred if the institution of the action was delayed by the provisions of this subsection.

(2) The written notice to the chief officer of the government agency and the Attorney General required by subdivision (1) of this subsection is considered to be provided on the date of mailing of the notice by certified mail, return receipt requested. If the written notice is provided to the chief officer of the government agency as required by subdivision (1) of this subsection, any applicable statute of limitations is tolled for thirty days from the date the notice is provided and, if received by the government agency as evidenced by the return receipt of the certified mail, for thirty days from the date of the returned receipt.

(3) A copy of any complaint filed in an action as defined in section two [§ 55-17-2] of this article shall be served on the Attorney General.

Petitioner's statute of limitations was set to expire on August 1, 2011. However, under the facts of this case and the plain language of the statute, the expiration of the applicable statute of limitations was tolled for thirty days from the date of the return receipt on July 20, 2011, to allow petitioner to properly comply with the statute. Thus, under the plain language of the statute, petitioner's complaint should have been filed no later than August 20, 2011. Therefore, petitioner's complaint filed on August 29, 2011, was untimely.

For the foregoing reasons, we affirm the circuit court's order entered on June 25, 2012 granting respondent's motion to dismiss.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II