No. 15-1112 - *State of West Virginia ex Rel. West Virginia Department of Transportation, Division of Highways v. the Honorable Robert A. Burnside, Jr., Judge of the Circuit Court of Raleigh County, and MCNB Bank and Trust Co.*

**FILED**

**June 13, 2016**

**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, Justice, concurring:

I agree with the outcome reached in this condemnation matter, which grants the writ of prohibition sought by the West Virginia Department of Transportation, Division of Highways ("DOH"), and allows the DOH to acquire a right of entry and defeasible title to the commercial property at issue upon its deposit of the sum equal to the DOH's preliminary estimate of just compensation. I have chosen to write separately because dicta contained in the majority opinion in this case indicates that a preliminary estimate by the State or its political subdivision in a condemnation matter may be challenged *prior to a hearing before commissioners* on the grounds that it is facially or patently defective, the result of an *ultra vires* act, made in objective bad faith, or on other grounds justified by good cause. As I will demonstrate, the analysis used in the opinion to reach this conclusion simply is not supported by either of the two applicable statutes, W. Va. Code § 54-2-14 (1981) (Repl. Vol. 2008) or § 54-2-14a (1981) (Repl. Vol. 2008).

West Virginia Code § 54-2-14 states, in relevant part, that,

1

[i]f the applicant be the State of West Virginia, or any political subdivision thereof, on filing its petition as authorized in this article, and if the court or judge *is satisfied that the purpose for which the land or property is sought to be condemned is a public use for which private property may be appropriated on compensating the owner*, the court or judge *shall*, at the request of the applicant, make an order permitting the applicant at once to enter upon, take possession, appropriate and use the land sought to be condemned for the purposes stated in the petition.

(Emphasis added). West Virginia Code § 54-2-14a similarly provides that,

[*p*]*rior to any report by condemnation commissioners*, or verdict of a jury, if the applicant be the State of West Virginia or any political subdivision thereof, and be otherwise authorized by law to make payment as required in this section, on filing its petition as authorized in this article, and *if the court or judge is satisfied that the purpose for which the property or interest or right therein, is sought to be condemned is a public use for which private property may be appropriated* on compensating the owner, the applicant may thereupon acquire title to, and enter upon, take possession of, appropriate and use the property, or interest or right therein, sought to be condemned for the purposes stated in the petition by following the method provided in this section.

. . . .

Upon such payment into court, the title to the property, or interest or right therein, sought to be condemned, *shall* be vested in the applicant . . . .

(Emphasis added).

2

Under the plain language[1] of the foregoing statutes, so long as the State or any political subdivision thereof has either petitioned a circuit court pursuant to W. Va. Code § 54-2-14, or petitioned the circuit court and paid into the court a sum equal to its estimate of the fair value of the property pursuant to W. Va. Code § 54-2-14a, a trial court may consider *only* whether "the purpose for which the property or interest or right therein[] is sought to be condemned is a public use for which private property may be appropriated on compensating the owner . . . ." W. Va. Code § 54-2-14a. *See also* W. Va. Code § 54-2-14 (allowing the circuit court to consider only whether "the purpose for which the land or property is sought to be condemned is a public use for which private property may be appropriated on compensating the owner . . . .").

Neither of the foregoing statutes grants authority to a circuit court determining whether to allow the State or its political subdivision to enter or possess land to, at this preliminary stage of a condemnation proceeding, consider anything other than whether the purpose for which the property is sought to be condemned is a public use. Indeed, by

---

[1]*See Foster Found. v. Gainer*, 228 W. Va. 99, 110, 717 S.E.2d 883, 894 (2011) ("Statutes whose language is plain must be applied as written . . . ."); Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968) ("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."); Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

utilizing the word "shall," the statutes impose a mandatory duty[2] upon circuit courts to grant entry, possession, and defeasible title, upon making a determination that condemnation is sought for a public purpose, so long as the court has received an application and, where defeasible title is sought, payment of the appropriate funds. *See* W. Va. Code § 54-2-14 ("[T]he court or judge *shall*, at the request of the applicant, make an order permitting the applicant at once to enter upon, take possession, appropriate and use the land sought to be condemned for the purposes stated in the petition." (emphasis added)); W. Va. Code § 54-2-14a ("Upon such payment [of the fair value estimate along with any bond that may be required] into court, the title to the property, or interest or right therein, sought to be condemned, *shall* be vested in the applicant[.]" (emphasis added)).

Furthermore, the authority relied upon by the majority to outline additional grounds upon which a preliminary estimate of the value of property by the State or a political subdivision may be challenged does not support allowing such a challenge when the estimate has not yet been considered by commissioners or a jury. *See* W. Va. Code § 54-2-10 (1967) (Repl. Vol 2008) (setting parameters for certain proceedings applicable *after* commissioners' report has been filed); W. Va. Code § 54-2-13 (1981) (Repl. Vol. 2015) (same). Insofar as dicta in the majority opinion purports to prescribe new grounds for challenging a preliminary

---

[2]"It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. pt. 1, *E.H. v. Matin*, 201 W. Va. 463, 498 S.E.2d 35 (1997) (internal quotations and citation omitted).

estimate of the value of property based upon language from statutes that allow specific types of challenges only *after* a finding by commissioners or a jury, I do not believe that these factors should be applied. Pre-commissioner challenges to preliminary estimates of the State or its political subdivisions on any grounds other than whether the property is sought to be condemned for a public use are not supported by statute and will cause untold pre-commissioner litigation that the law does not permit. Accordingly, I concur with the majority's ultimate decision in this case, but not with the dicta herein discussed.