# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**GARY L. CAPRIOTTI; EDWARD R. MOORE; EDWARD E. DUNLEAVY; AND SHEPHERDSTOWN BATTLEFIELD PRESERVATION ASSOCIATION, INC.,**
Petitioners Below, Petitioners

**FILED**
**February 26, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 13-1243 (Jefferson County No. 11-C-325)

**JEFFERSON COUNTY PLANNING COMMISSION,**
Respondent Below, Respondent

**FAR AWAY FARM, LLC,**
Intervenor Below, Respondent

## MEMORANDUM DECISION

The petitioners herein, Gary L. Capriotti; Edward R. Moore; Edward E. Dunleavy; and Shepherdstown Battlefield Preservation Association, Inc. ("the Petitioners"), by counsel Linda M. Gutsell, appeal from orders entered November 8, 2013, and November 27, 2013, by the Circuit Court of Jefferson County. By those orders, the circuit court reversed its earlier ruling granting partial summary judgment to the Petitioners and found, instead, that the respondent herein, Jefferson County Planning Commission ("Planning Commission"), who is represented herein by Stephen V. Groh, had not violated the West Virginia Open Governmental Proceedings Act, W. Va. Code § 6-9A-1 *et seq.* ("the Act"). On appeal to this Court, the Petitioners contend that the circuit court erred by setting aside its prior ruling and by concluding that the Planning Commission had not violated the Act. The Planning Commission and the additional respondent herein, and intervenor below, Far Away Farm, LLC ("FAF"), by counsel Richard G. Gay and Nathan P. Cochran, maintain that the circuit court's rulings were proper.

Upon our review of the parties' arguments, the appendix record, and the pertinent authorities, we affirm, in part, and reverse, in part, the rulings of the Jefferson County Circuit Court. We affirm the circuit court's ruling reversing its prior order and finding that the Planning Commission had not violated the Act's provisions regarding executive session proceedings. However, we reverse the remaining portions of the circuit court's order and find that the Planning Commission did violate the Act's requirement that it provide agenda

1

notice of the topics it planned to consider during its meeting and that it disclose the terms of the subject settlement. Accordingly, we remand this case for further proceedings consistent with this opinion. Because this case does not present a new or significant issue of law, and for the reasons set forth herein, we find this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is proper for disposition as a memorandum decision.

In June 2004, FAF applied for a conditional use permit ("CUP") to allow it to develop a residential subdivision. The Jefferson County Planning and Zoning Director determined that FAF's property was suitable for the proposed development, but, before the CUP was issued, certain of the Petitioners herein appealed the suitability determination to the Jefferson County Board of Zoning Appeals ("the BZA") based upon their status as owners of land adjacent to the FAF property and also believing that FAF's property was the site of a Civil War battlefield.[1] During those proceedings, the CUP requested by FAF was denied. Protracted litigation ensued culminating in this Court's decision in *Far Away Farm, LLC v. Jefferson County Board of Zoning Appeals*, 222 W. Va. 252, 664 S.E.2d 137 (2008), in which the Court approved the issuance of FAF's requested CUP. Following the issuance of this Court's opinion, the case was unsuccessfully appealed to the United States Supreme Court. *See Dunleavy v. Far Away Farm, LLC*, 555 U.S. 1012, 129 S. Ct. 573, 172 L. Ed. 2d 431 (2008) (denying certiorari). Thereafter, the Planning Commission filed a federal lawsuit against FAF seeking to have this Court's decision overturned, which suit was dismissed. *See Jefferson Cnty. Planning Comm'n v. Far Away Farms, LLC*, No. 3:09-CV-45 (BAILEY), 2009 WL 3617749 (N.D. W. Va. Oct. 29, 2009) (unreported decision).

Following the conclusion of the federal court proceedings, FAF made two requests to the Planning Commission for consideration at its December 14, 2010, meeting: (1) that all Planning Commission members who had been involved in the federal lawsuit recuse themselves and (2) that the impending deadlines associated with FAF's CUP be extended insofar as it had been unable to proceed with its development plans due to the ongoing and protracted litigation or that it be granted a variance therefrom.[2] The Planning Commission denied both of these requests. FAF then requested an order from the Planning Commission

---

[1] It since has been determined that the Civil War battle believed to have occurred on FAF's property in fact occurred on nearby property and not on the property that FAF seeks to develop.

[2] FAF based its request for the extension of its deadlines and/or a variance therefrom on W. Va. Code § 8A-5-12(f) (2010) (Repl. Vol. 2012) and this Court's prior decision in *Jefferson Utilities, Inc. v. Jefferson County Board of Zoning Appeals*, 218 W. Va. 436, 624 S.E.2d 873 (2005).

2

memorializing its decisions and filed a petition for writ of certiorari in the Jefferson County Circuit Court to obtain relief from the Planning Commission's rulings. Although the Petitioners moved to intervene in FAF's certiorari proceeding, and a hearing was held on their motion, the circuit court did not render a final ruling on said motion.

Thereafter, FAF tendered a settlement offer to the Planning Commission's attorney on July 26, 2011, shortly before the Planning Commission's regularly scheduled meeting for that night. When it reached its listed agenda item entitled "Reports from Legal Counsel and legal advice to P[lanning]C[ommission]," a motion was made to go into closed executive session to discuss legal matters; the motion carried. During the executive session, counsel for the Planning Commission presented FAF's settlement offer and conferred with the Planning Commission, and the Planning Commission reportedly discussed a counteroffer. Upon a successful motion to end the closed executive session and return to public session, an additional motion was made "to proceed with the order as presented by Counsel in executive session and to authorize [the Planning Commission] President to sign the order"; this motion also passed. Following the meeting, a counteroffer was tendered to FAF. By order entered August 3, 2011, the circuit court approved the parties' settlement[3] and dismissed the certiorari proceeding. By notation on the court's order, a copy of the settlement order was sent to counsel for each of the two parties and to counsel for the Petitioners. Thereafter, on September 21, 2011, the Petitioners filed a petition in the Circuit Court of Jefferson County against the Planning Commission alleging violations of the Open Governmental Proceedings Act and requesting that the settlement between FAF and the Planning Commission be annulled due to such alleged violations. FAF moved to intervene in the Petitioners' suit and was granted intervenor status.

By order entered June 19, 2012, the circuit court granted partial summary judgment to the Petitioners finding that the Planning Commission had violated the Act's advance notice requirements of W. Va. Code § 6-9A-3 (1999) (Repl. Vol. 2010)[4] because the Planning Commission had not listed the specific topic of the FAF litigation on its July 26, 2011, meeting agenda. The court additionally found that the Planning Commission had failed to comply with W. Va. Code § 6-9A-4(b)(11) (1999) (Repl. Vol. 2010) insofar as it did not reveal that it had received a settlement offer that it would be considering. Finally, the court determined that the Planning Commission had failed to disclose the terms of the settlement within a "reasonable time after the settlement is concluded" as required by W. Va. Code § 6-

---

[3]The agreed settlement resulted in the reissuance of FAF's CUP, permission for FAF to use its prior documentation in lieu of the alternate documentation required under the county's new subdivision ordinance, and the resetting of the applicable deadlines.

[4]*See infra* note 6.

9A-4(b)(11). While the circuit court denominated this ruling as an appealable, final order, the court did not grant any relief to the Petitioners other than an award of partial summary judgment. The Planning Commission and FAF appealed the circuit court's rulings to this Court, but this Court dismissed the appeal upon the Petitioners' motion. On June 11, 2013, the Planning Commission held a curative meeting in an attempt to remedy the violations of the Act that the circuit court had identified in its partial summary judgment order.

The Petitioners then requested the circuit court to determine the proper remedy to award to them as a result of the Planning Commission's violations of the Act. During the course of the proceedings, the Planning Commission filed a "Motion to Reconsider and Set Aside Partial Summary Judgment," which the circuit court treated as a motion made pursuant to Rule 60(b)(6) of the West Virginia Rules of Civil Procedure.[5] Additionally, FAF moved to limit the remedy to be awarded to the Petitioners. By order entered November 8, 2013, the circuit court determined that it had improperly relied upon this Court's prior opinion in *Peters v. County Commission of Wood County*, 205 W. Va. 481, 519 S.E.2d 179 (1999), which was decided under the predecessor to W. Va. Code § 6-9A-4 and which statute did not contain exceptions 11 and 12 that are at issue in the case *sub judice*. In reconsidering its prior decision, the circuit court found that the Planning Commission had not violated the Act because W. Va. Code § 6-9A-4(b)(12) (1999) (Repl. Vol. 2010) permitted it to hold a closed executive session to confer with its attorney and to receive legal advice insofar as such communications are protected by the attorney-client privilege and are deemed to be confidential. The circuit court then determined that it need not decide whether the Planning Commission's disclosure of the parties' settlement at its October 2011 meeting had violated the requirement of W. Va. Code § 6-9A-4(b)(11) that settlement terms be disclosed in a "reasonable time after the settlement is concluded" because there existed a genuine issue of material fact as to when the subject settlement was concluded, *i.e.*, at the Planning Commission's meeting of July 26, 2011, or on August 3, 2011, when the circuit court approved the parties' settlement, that rendered the court's earlier grant of summary judgment on that issue improper. Finally, the circuit court concluded that the Planning Commission had not commenced its executive session on July 26, 2011, merely because its attorney was present as expressly prohibited by W. Va. Code § 6-9A-4(b)(11). Accordingly, the circuit court vacated its earlier decision granting partial summary judgment to the Petitioners.

By supplemental order entered November 27, 2013, the circuit court conclusively determined that the Planning Commission also had not violated W. Va. Code § 6-9A-

---

[5]Rule 60(b)(6) of the West Virginia Rules of Civil Procedure permits a court to "relieve a party . . . from a final judgment . . . for . . . any other reason justifying relief from the operation of the judgment."

4(b)(11), which matter had been left unresolved by its prior order. In so deciding, the circuit court determined that the date of the settlement's conclusion was rather inconsequential, and that, upon the court's approval of the parties' settlement, the settlement was entered into the public records of the circuit court. Thus, the court determined that the settlement terms were made a matter of public record within a "reasonable time" of its conclusion. Moreover, the circuit court noted that the Petitioners, by counsel, had received a copy of the settlement order upon its entry. Therefore, the circuit court explained, the terms of the settlement had been disclosed to the public well before the Planning Commission referenced the settlement at its October 11, 2011, meeting and its "official publication of the meeting minutes." From these two orders, the Petitioners now appeal to this Court.

On appeal to this Court, the Petitioners contend that the circuit court erred by vacating its prior partial summary judgment order. The court reached this decision in the context of considering and granting the Planning Commission's Rule 60(b)(6) motion for relief from the court's earlier ruling. This Court previously has held that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 5, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974).

Before this Court, the Petitioners assert that the circuit court erred by finding there exists a genuine issue of material fact regarding the conclusion date of the settlement between the Planning Commission and FAF; determining that the Planning Commission had not violated the Act; and concluding that any violation of the Act in the case *sub judice* was *de minimis* and did not entitle the Petitioners to a remedy.

The Petitioners first contend that, throughout these proceedings, they have always maintained that August 3, 2011, is the date upon which the Planning Commission and FAF concluded their settlement. The settlement conclusion date is referenced in W. Va. Code § 6-9A-4(b)(11) as the date from which the "reasonable time" begins to run and as the time within which the Planning Commission was required to disclose the settlement's terms. Thus, the Petitioners contend that the circuit court erred by concluding that there exists a genuine issue of material fact as to the settlement conclusion date because all parties agree that the settlement was concluded when the circuit court approved and entered the parties' agreed settlement order on August 3, 2011, and not during the Planning Commission's meeting on July 26, 2011. While the circuit court acknowledged a possible issue of fact regarding the settlement's conclusion date, this factual issue did not form the basis of the circuit court's initial decision to vacate its partial summary judgment order nor preclude it from ultimately determining whether a violation had occurred under W. Va. Code § 6-9A-4(b)(11). Rather, the circuit court based its initial decision to vacate its partial summary

5

judgment order upon its perceived misplaced reliance on this Court's prior decision in *Peters v. County Commission of Wood County*, 205 W. Va. 481, 519 S.E.2d 179 (1999). In this regard, the circuit court found that its reliance on *Peters* was misplaced because the prior version of the Act, upon which the *Peters* decision relied, does not contain exceptions 11 and 12, which are set forth in the current version of the Act, W. Va. Code §§ 6-9A-4(b)(11-12), and which apply to the facts of this case. Moreover, in its subsequent order, the circuit court nevertheless determined that even if a factual dispute exists as to the date of the settlement's conclusion, it did not preclude the circuit court from deciding whether the Planning Commission had violated the Act's requirement that it disclose the settlement's terms within a "reasonable time" of its conclusion. *See* W. Va. Code § 6-9A-4(b)(11). We agree with the circuit court's ultimate conclusion that the issue of when, precisely, the parties consummated their settlement agreement does not preclude our determination of the fundamental issue presented by the case *sub judice*: whether the Planning Commission violated the Act. Therefore, we affirm the circuit court's orders in this regard.

The Petitioners next assign error to the circuit court's rulings finding that the Planning Commission did not violate the Act. In support of their argument, the Petitioners assert that the Planning Commission committed three separate violations of the Act. Because the Act is a body of statutory law, our well-established rules of statutory construction will guide our consideration of these assigned errors. *See generally* Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975) ("The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."). *See also* Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968) ("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."); Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute.").

First, the Petitioners contend that the Planning Commission violated the Act's agenda notice provision. The agenda notice requirement is set forth in W. Va. Code § 6-9A-3:

> Each governing body shall promulgate rules by which the date, time, place and *agenda of all regularly scheduled meetings* and the date, time, place and purpose of all special meetings *are made available, in advance, to the public* and news media, except in the event of an emergency requiring

immediate official action.[6]

(Emphasis and footnote added). The Petitioners assert that the Planning Commission failed to include in its July 26, 2011, meeting agenda any reference to the FAF litigation or to the Planning Commission's intention to discuss the same during that meeting. The July 26, 2011, meeting agenda item corresponding to the Planning Commission's consideration of FAF's proposed settlement was titled "Reports from Legal Counsel and legal advice to PC."[7]

Considering the referenced agenda item together with the pertinent statutory language, we agree with the Petitioners' contention that the noticed agenda item was insufficient to notify the public that the Planning Commission intended to discuss the FAF litigation during its meeting of July 26, 2011. The plain language of W. Va. Code § 6-9A-3 expressly requires a public body to make available to the public, in advance of a scheduled meeting, the agenda for said meeting. The purpose of this notice requirement is to fulfill the Legislature's stated policy of maintaining an "[o]pen government" and providing "public access to information." W. Va. Code § 6-9A-1 (1999) (Repl. Vol. 2010). Such openness is intended to "allow[] the public to educate itself about government decisionmaking through individuals' attendance and participation at government functions . . . and public debate on issues deliberated within the government." *Id.* By the same token,

> [p]ublic access to information promotes attendance at meetings . . . and encourages more . . . complete discussion of issues by participating officials. The government also benefits from openness because . . . public input allow[s] government agencies to gauge public preferences accurately and thereby tailor their actions and policies more closely to public needs. . . .

*Id.* Despite these statutory directives aimed at providing notice to interested individuals of the topics to be discussed at the meetings of public bodies, the agenda notice provided by the Planning Commission in the case *sub judice* was not adequate to inform the Petitioners, and other members of the public, that it planned to discuss the FAF litigation or a proposed settlement thereof. Rather, the agenda's generic reference to "legal advice" provided no indication whatsoever that the ongoing FAF proceedings would be a topic of discussion at

---

[6]In 2013, the Legislature amended W. Va. Code § 6-9A-3, placing the pertinent agenda notice language in subsection (d). *See* W. Va. Code § 6-9A-3(d) (2013) (Supp. 2014). However, because the events giving rise to the case *sub judice* occurred in 2011, we will apply the prior version of the operative statutory language to our decision of this case.

[7]The appendix record contains numerous Planning Commission meeting agendas which contain the same general entry: "Reports from Legal Counsel and legal advice to PC."

the Planning Commission's July 26, 2011, meeting. Because the agenda notice did not adequately inform the public of the specific items to be considered at the Planning Commission's July 26, 2011, meeting, we find that the Planning Commission violated W. Va. Code § 6-9A-3 and reverse the circuit court's contrary ruling.

The Petitioners next contend that the Planning Commission did not properly announce the authorization for its executive session as required by W. Va. Code § 6-9A-4(a) (1999) (Repl. Vol. 2010). W. Va. Code § 6-9A-4(a) details the procedure for convening an executive session:

> The governing body of a public agency may hold an executive session during a regular, special or emergency meeting, in accordance with the provisions of this section. During the open portion of the meeting, prior to convening an executive session, *the presiding officer of the governing body shall identify the authorization under this section for holding the executive session and present it to the governing body and to the general public*, but no decision may be made in the executive session.

(Emphasis added). W. Va. Code § 6-9A-4(b) (1999) (Repl. Vol. 2010) further directs "[a]n executive session may be held only upon a majority affirmative vote of the members present of the governing body of a public agency. A public agency may hold an executive session and exclude the public only when a closed session is required for any of the following actions[.]" The exceptions set forth in W. Va. Code §§ 6-9A-4(b)(11-12) are within the "following actions" referenced by W. Va. Code § 6-9A-4(b). During the Planning Commission's July 26, 2011, meeting, Commissioner "Mr. Smith moved to go into executive session to discuss legal matters." The motion was seconded and unanimously approved.

W. Va. Code § 6-9A-4(b)(12) allows an executive session to be held "[t]o discuss any matter which . . . is rendered confidential." Thus, conferring with counsel "to discuss legal matters" would be included within the confidential matters contemplated by W. Va. Code § 6-9A-4(b)(12). Therefore, the explanation for the Planning Commission's decision to hold an executive session was properly communicated during the open public meeting, and, while the corresponding statutory section was not cited, the motion accurately identified the statutorily-authorized reason for convening an executive session: to discuss legal matters. When coupled with the agenda item under which this motion was made, which concerned reports from the Planning Commission's counsel and advice therefrom, it is clear that the intended purpose of the executive session was to discuss legal matters with the Planning Commission's counsel that are protected by the attorney-client privilege and that come within

8

the purview of W. Va. Code § 6-9A-4(b)(12). Accordingly, we affirm the circuit court's conclusion that the Planning Commission did not violate this portion of the Act.

The third alleged violation of the Act raised by the Petitioners asserts that the Planning Commission violated the Act by not reporting the settlement's terms within a "reasonable time" of its conclusion as required by W. Va. Code § 6-9A-4(b)(11). Pursuant to the relevant portion of W. Va. Code § 6-9A-4(b)(11), "[i]f the public agency has approved or considered a settlement in closed session, and the terms of the settlement allow disclosure, *the terms of that settlement shall be reported* by the public agency *and entered into its minutes within a reasonable time after the settlement is concluded*." (Emphasis added). In concluding that the Planning Commission had complied with this disclosure requirement, the circuit court determined that the inclusion of the settlement's terms in the public record of the court, when the court entered the agreed settlement order on August 3, 2011, satisfied the Planning Commission's obligation to disclose such terms. The Petitioners argue that such disclosure does not fulfill the statutory requirements. We agree.

Pursuant to the plain language of W. Va. Code § 6-9A-4(b)(11), a public body entering into a non-confidential settlement must (1) report the settlement's terms and (2) include the settlement's terms in its minutes. All of the parties agree that the terms of the settlement entered into by the Planning Commission and FAF were *not* confidential. While the Planning Commission referenced the settlement at its meeting of October 11, 2011, and indicated that it would attach the final settlement to the minutes of that meeting, it has yet to do so. Specifically, the October 11, 2011, meeting minutes reflect that "Ms. Grove [counsel for the Planning Commission] stated that the order discussed at the July 26, 2011 Planning Commission meeting had been signed and should be included in the minutes. (Full text of the order is attached)." The referenced order presumably is the counteroffer proposed by the Planning Commission which ultimately became the agreed settlement order entered by the circuit court. Despite this language indicating that a document would be attached to the Planning Commission's October 11, 2011, meeting minutes, such minutes, as they appear on the Planning Commission's website, do not contain the terms of the parties' settlement nor do they have any attachments containing the settlement's terms. While the Planning Commission has placed on its website numerous documents entitled "PC Packets," the packet that pertains to the October 11, 2011, meeting, which does contain the settlement's terms, also includes the agenda of the October 11, 2011, meeting and the minutes from the *previous* month's meeting that were approved at the October 11, 2011, meeting. The subsequent month's packet, referencing the Planning Commission's November 8, 2011, meeting, contains both the October 11, 2011, minutes *and* the parties' agreed settlement order, but its description as a "packet" for the November 8, 2011, meeting makes it virtually impossible to ascertain that it actually contains the meeting minutes for the October 11, 2011, meeting with the referenced attachments.

9

It is apparent, then, that the Planning Commission has, in fact, disclosed the terms of the parties' settlement. However, we do not agree with the circuit court's decision finding no violation of the disclosure requirements of W. Va. Code § 6-9A-4(b)(11). This statutory language very simply and explicitly requires that "the terms of that settlement shall be reported by the public agency and *entered into its minutes* within a reasonable time after the settlement is concluded." (Emphasis added). This statutory language does *not* contemplate the disclosure of settlement terms in any other type of document, be it a meeting agenda, press release, or compilation of papers considered at the disclosure meeting. Rather, the statute expressly requires that the public body "enter [the settlement terms] into its *minutes*." (Emphasis added). A review of the Planning Commission's minutes for its meeting of October 11, 2011, standing alone, reveals that while the settlement is referenced in general terms therein, and is required to be attached thereto, the minutes contain no attachments or language detailing the settlement's terms. Accordingly, we find that the Planning Commission has violated the reporting requirements set forth in W. Va. Code § 6-9A-4(b)(11), and we reverse the circuit court's contrary ruling.

Although we have found two violations of the Act, the violations do not necessarily require that the actions taken at the July 26, 2011, meeting be invalidated. The remedies provided in W. Va. Code §§ 6-9A-3, 6-9A-6 (1999) (Repl. Vol. 2010),[8] and 6-9A-7 (1999) (Repl. Vol. 2010)[9] are left to the discretion of the circuit court. Moreover, as we explained in *McComas v. Board of Education of Fayette County*, 197 W. Va. 188, 475 S.E.2d 280 (1996), "[a] finding that a violation [of the Open Governmental Proceedings Act] occurred . . . does not necessarily require invalidation of all actions taken during or following from the wrongfully held . . . meeting." 197 W. Va. at 201, 475 S.E.2d at 293.[10]

For the foregoing reasons, we affirm, in part, and reverse, in part, the November 8, 2013, and November 27, 2013, orders of the Circuit Court of Jefferson County, and remand this case to the circuit court for further proceedings to determine the remedy, if any, the circuit court may deem appropriate under the facts and circumstances of this case.

---

[8]W. Va. Code § 6-9A-6 (1999) (Repl. Vol. 2010) provides remedies for violations of the Act.

[9]W. Va. Code §  6-9A-7 (1999) (Repl. Vol. 2010) establishes criminal penalties for violations of the Act, as well as allowing for an award of fees and expenses to a prevailing party in a civil action alleging violations of the Act.

[10]While W. Va. Code §§ 6-9A-3, 6-9A-6, and 6-9A-7 were amended subsequent to *McComas*, the amendments did not impact the permissive and discretionary nature of the remedies provided for therein.

Affirmed, in part; Reversed, in part; and Remanded.

**ISSUED:**     February 26, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II


**CONCURRING AND WRITING SEPARATELY:**

Justice Brent D. Benjamin


**DISSENTING AND WRITING SEPARATELY:**

Justice Robin Jean Davis

Benjamin, Justice, concurring:


I completely concur with the majority decision. I write separately to urge the Legislature to amend what I consider to be a troubling provision of the State's Open Governmental Proceedings Act.

As the majority recognizes, W. Va. Code § 6-9A-4(b)(11) permits a public agency to convene a closed session to consider and even approve a settlement of pending litigation, and the terms of the settlement then must be reported within "a reasonable time." This provision appears to me to be at odds with the policy underlying the Open Governmental Proceedings Act which recognizes that it is "in the best interests of the people of this state for the proceedings of public agencies be conducted openly, with only a few clearly defined exceptions." W. Va. Code § 6-9A-1 (1999). Of course, the government has a legitimate interest in closing a meeting on certain occasions, and the Legislature has attempted to balance the government's interests in doing so with the public's right "to participate in a meaningful manner in public agency decisionmaking" in fashioning the provisions of the Act. *Id.* However, I can discern no legitimate governmental interest in permitting public agencies to vote on the terms of non-confidential legal settlements in closed meetings.

For this reason, I encourage the Legislature to amend W. Va. Code § 6-9A-4(11) to provide that while a public agency may go into closed session to discuss the terms of a settlement, the public agency must in most cases disclose and vote on the settlement terms in an open meeting. Accordingly, I concur to the decision in this case.

Davis, Justice, dissenting:

In 2004, Far Away Farm ("FAF") first obtained permission to develop its property into a residential subdivision. Despite its best efforts to comply with the governing zoning ordinances, FAF has been stymied at every stage of the process by citizens who oppose the development and the governmental bodies they have elected. Even rulings by this Court[1] and the United States Supreme Court[2] have not dissuaded the nay sayers' unrelenting campaign of harassment with the intent of forestalling FAF's development plans. For eleven years, FAF patiently has waited for the seemingly endless litigation to cease, finally offering concessions to the Jefferson County Planning Commission ("Planning Commission") in an attempt to attain the temporal extensions granted to it by the Legislature[3] but which the Planning Commission vehemently had refused to recognize. Yet, through no fault of its own, FAF's development project once again has been relegated to the shadows while the perpetual litigation lingers on: this time, as a result of the majority's decision to defer to the circuit court's final resolution of this case, FAF, who had no power over the Planning Commission's compliance with the provisions of the West Virginia Open Governmental Proceedings Act, W. Va. Code § 6-9A-1 *et seq.* ("the Act"), may nevertheless be forced to re-negotiate with the Planning Commission to achieve the deadline extensions to which it is statutorily entitled. I disagree with the majority's decision to punish FAF, the innocent bystander in the case *sub judice*, by forcing it to expend even more time and resources in the pursuit of its most basic right to develop its property as permitted by the governing zoning law and the prior decision

---

[1]*See Far Away Farm, LLC v. Jefferson Cnty. Bd. of Zoning Appeals*, 222 W. Va. 252, 664 S.E.2d 137 (2008).

[2]*See Dunleavy v. Far Away Farm, LLC*, 555 U.S. 1012, 129 S. Ct. 573, 172 L. Ed. 2d 431 (2008) (denying certiorari).

[3]*See generally* W. Va. Code § 8A-5-12(f) (2010) (Repl. Vol. 2012). *See also Jefferson Utils., Inc. v. Jefferson Cnty. Bd. of Zoning Appeals*, 218 W. Va. 436, 450, 624 S.E.2d 873, 887 (2005) (directing circuit court "to enter an order approving the reissuance of the subject permits and adjust, where necessary, any time deadlines established in the Ordinance that may have passed during the pendency of this appeal so that the parties are not penalized for pursuing their statutory rights of appeal").

of this Court recognizing the same.[4]  I further disagree with the majority's decision to intrude upon the fundamental right of a public body to confer with its counsel and to erode the associated attorney-client privilege inherent in such confidential communication.

## I.  Adequacy of Agenda Notice

The majority first concludes that the Planning Commission failed to provide advance notice of its agenda for its July 26, 2011, meeting because, in the majority's estimation, the Planning Commission's agenda did not adequately describe the topics to be covered under the agenda item, "Reports from Legal Counsel and legal advice to P[lanning]C[ommission]." *See* W. Va. Code § 6-9A-3 (1999) (Repl. Vol. 2010).[5]  While I appreciate the majority's concern that the Planning Commission should have more specifically mentioned FAF and the pending litigation in its meeting agenda, I nevertheless agree with the circuit court's conclusion that there was no violation of the meeting notice provision in this case.  Pursuant to W. Va. Code § 6-9A-4(b)(12) (1999) (Repl. Vol. 2010), the Planning Commission was permitted to confer with its attorney during a closed, executive session.  *See* W. Va. Code § 6-9A-4(b)(12) (permitting closed executive session "[t]o discuss any matter which, by express provision of federal law or state statute or rule of court is rendered confidential, or which is not considered a public record within the meaning of the Freedom of Information Act as set forth in article one [§§ 29B-1-1 et seq.], chapter twenty-nine-b of this code.").  *See also* W. Va. R. Prof'l Conduct 1.6(a) ("A lawyer shall not reveal information relating to the representation of a client unless the client consents after consultation.").[6]

Moreover, W. Va. Code § 6-9A-4(b)(11) (1999) (Repl. Vol. 2010) contemplates that settlements negotiated by a public body are not subject to disclosure until *after* such

---

[4]*See Far Away Farm, LLC v. Jefferson Cnty. Bd. of Zoning Appeals*, 222 W. Va. 252, 664 S.E.2d 137 (2008).

[5]To maintain consistency with the majority's decision, I, too, will rely upon the version of W. Va. Code § 6-9A-3 that was in effect at the time of the events giving rise to the instant proceeding.  *Compare* W. Va. Code § 6-9A-3 (1999) (Repl. Vol. 2010) *with* W. Va. Code § 6-9A-3(d) (2013) (Supp. 2014).

[6]The West Virginia Rules of Professional Conduct were amended effective January 1, 2015.  Because the events at issue herein occurred prior to the effective date of these amendments, I will cite to the version of the Rules that was operative at that time.  However, the amended language of Rule 1.6(a) also contemplates the confidentiality of an attorney-client relationship.  *See* W. Va. R. Prof'l Conduct 1.6(a) (2015) ("A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent . . . .").

settlements have been concluded. *See* W. Va. Code § 6-9A-4(b)(11) ("If the public agency has approved or considered a settlement in closed session, and the terms of the settlement allow disclosure, *the terms of that settlement shall be reported by the public agency* and entered into its minutes *within a reasonable time after the settlement is concluded.*" (emphasis added)). Thus, to the extent that the discussions pertaining to the pending litigation with FAF and the settlement, itself, were protected both by the attorney-client privilege and the Act's provisions safeguarding settlement negotiations, inclusion of detailed information on the meeting agenda pertaining thereto would contravene the express exemptions allowed by W. Va. Code §§ 6-9A-4(b)(11-12), which permit both the contemplation of pending legal matters with counsel and their resolution through settlement in a closed, executive session. Accordingly, the majority should have affirmed the circuit court's ruling finding no violation of the Act's agenda notice requirement under the facts of this case.

## II. The Majority's Failure to Determine a Remedy Deprives FAF of Finality

While I applaud the majority's decision to leave intact the parties' hard fought negotiated settlement, I am deeply disappointed that my brethren have decided to prolong FAF's agony by not settling the question of a remedy in this tribunal but, rather, remanding the case to the circuit court for even more litigation to determine whether the Planning Commission's perceived transgression deserves to be punished. As I mentioned earlier in this separate opinion, FAF has been trying, *for eleven years*, to develop its property and has been thwarted at every step by unrelenting litigation instigated by the Petitioners and the Planning Commission. At this juncture, there still is no end in sight to the parade of FAF legal proceedings because the majority has ceded its authority to fashion a remedy and directed the circuit court to conduct "further proceedings to determine the remedy, if any, the circuit court may deem appropriate under the facts and circumstances of this case." And, despite the majority's laudable efforts to refrain from annulling the Planning Commission's decision to settle stemming from its allegedly improperly noticed meeting of July 26, 2011, such a sanction is still a very real and distinct possibility authorized by the statutes designed to remedy violations of the Act. In its haste to remand this case for the circuit court to render the final verdict, the majority neglects to acknowledge that both W. Va. Code § 6-9A-3 and W. Va. Code § 6-9A-6 (1999) (Repl. Vol. 2010) authorize the annulment of a decision that has been made in violation of the Act. *See* W. Va. Code § 6-9A-3 ("Upon petition by any adversely affected party *any court of competent jurisdiction may invalidate any action taken at any meeting for which notice did not comply with the requirements of this section.*" (emphasis added)); W. Va. Code § 6-9A-6 ("*The court is empowered* to compel compliance or enjoin noncompliance with the provisions of this article and *to annul a decision made in violation of this article.*" (emphasis added)).

Insofar as the majority is convinced that the Planning Commission made its settlement

15

decision in violation of the Act's agenda notice provisions, the parties' agreed settlement remains at risk of annulment if the circuit court determines that that is the remedy befitting the Planning Commission's supposed violation of the Act. Imposition of such a remedy is undeniably harsh and would unfairly punish FAF, who, as a mere bystander to these proceedings, has had no control over the Planning Commission's actions in complying with or violating the Act's provisions. I only hope that the circuit court, who has had numerous opportunities to interact with the parties to these proceedings, appreciates the consequences of its actions in fashioning a remedy, if it deems the circumstances of this case even warrant reproach. In considering this case on remand, I urge the circuit court to be cognizant of FAF's role in these proceedings as an innocent intervenor who neither had a duty to comply with the Act's requirements nor an obligation to compel the Planning Commission's adherence thereto.

For the foregoing reasons, I resolutely dissent from the majority's decision in this case.