LOUGHRY, Justice:
The petitioners, the City of Nitro, its may- or and its fire marshal/eode official (herein collectively referred to as the “City”), appeal from the April 25, 2013, order of the Circuit Court of Kanawha County granting summary judgment in favor of the respondents, Richard A. and Lorinda A. Nease (hereinafter the “Neases”), on the issue of whether this state’s Freedom of Information Act (“FOIA”)[1] authorizes the collection of a search fee in connection with a document request. Addressing a municipal ordinance enacted by the City that permits an hourly charge for document requests requiring more than ten minutes, the trial court ruled that West Virginia Code § 29B-1-3 (2012) authorizes public bodies to collect the costs of copying requested records but does not sanction a search fee. As support for its position that the Legislature contemplated more than just the costs of duplication, the City relies upon the plural form of the term “fees” used to reference the charges authorized for a FOIA request as well as the Legislature’s subsequent adoption of legislative rules providing for search fees in reliance on this same authorizing language. Based upon the statutory language of FOIA and the agency-specific regulations that impose search fees under direct authority of FOIA, we determine that the fees authorized in conjunction with FOIA production requests include the actual costs of reproduction as well as a search or retrieval fee, provided that any such fee is reasonable. Accordingly, the decision of the circuit court is reversed.
I. Factual and Procedural Background
On June 14, 2012, the Neases served a FOIA request to inspect or copy certain public City records.[2] The City responded to the request by letter dated June 19, 2012, indicating that it would “be working to compile the documentation requested.” When they failed to receive the documents originally requested, the Neases submitted a second FOIA demand on July 26, 2012. On July 31, 2012, the City sent the Neases a portion of the requested materials, consisting of both paper and electronic media.[3] By letter of the same date, the City advised the Neases that “the remaining files Back [sic] to 2007 are paper & will be required to be manually pulled and copied. Please advise if you are willing to assume the expense of an employee’s time, and the cost of photocopying.”
When the parties were unable to resolve this matter,[4] the Neases instituted the underlying FOIA action.[5] Both sides filed motions for summary judgment and, by ruling entered on April 25, 2013, the trial court granted summary judgment in favor of the Neases. As part of its ruling, the trial court determined that the City ordinance providing for the imposition of a search fee was unlawful.[6] It is from this ruling that the City now appeals.
*254 II. Standard of Review
The issue of statutory interpretation raised by the parties indisputably presents a question of law. As a result, our review of this matter is necessarily plenary. See Syl. Pt. 1, Appalachian Power Co. v. State Tax Dep’t, 195 W.Va. 573, 466 S.E.2d 424 (1995) (holding that “[¡Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to de novo review”); see also Syl. Pt. 2, in part, Walker v. West Virginia Ethics Comm’n, 201 W.Va. 108, 492 S.E.2d 167 (1997) (stating that “[qjuestions of law are subject to a de novo review”). With this standard in mind, we proceed to consider the question of law before us.
III. Discussion
At the center of this statutory dispute is the following fee-related language: “The public body may establish fees reasonably calculated to reimburse it for its actual cost in making reproductions of such records.” W.Va.Code § 29B-l-3(5). The issue presented in this case is whether the Legislature, through its adoption of the fee-authorizing language, has sanctioned the inclusion of a search fee in addition to the costs associated with producing documents requested under FOIA. Critically, this case is not about the refusal of a public body to provide access to documents based on statutorily-specified exemptions. See generally W.Va.Code § 29B-1-4 (2012) (setting forth bases for exempting access to public records); In re Charleston Gazette FOIA Request, 222 W.Va. 771, 671 S.E.2d 776 (2008). Neither is this case about the reasonableness of the search fee established by the City’s ordinance.[7] All that we are asked to decide is the precise question of whether FOIA allows a public body, pursuant to properly enacted statutes, rules, regulations, or ordinances, to include a search or retrieval fee for locating the requested documents.
In taking the position that FOIA does not contain a provision that allows public bodies to impose a search or retrieval fee, the Neases focus on the latter part of the statutory language at issue: “actual cost in making reproductions of records.” W.Va.Code § 29B-l-3(5). Because the statute does not separately and explicitly provide for the imposition of a search or retrieval fee, the Neases argue that FOIA fails to authorize the imposition of such a fee.[8] Focusing solely on the “actual cost in making reproductions” language, the Neases insist that the Legislature authorized public bodies to collect only the costs of making the copies and nothing more.
Limiting its examination to the same terms that the Neases regard as resolvent, the circuit court addressed the meaning of the phrase “actual cost in making reproductions.” Turning to the definitions provided by a common dictionary, the trial court decided that the Legislature necessarily intended that “making reproductions” refers to “making copies.” Then, without any extended consideration of the terms “actual cost,”[9] the circuit court declared that the five words under review necessarily refer solely to the duplication costs of the requested records.
To bolster its decision that a search or retrieval fee cannot be imposed under authority of FOIA, the circuit court relied upon FOIA statutes enacted by Virginia, Ken *255 tucky, Ohio, and California.[10] Despite marked differences in the language of those statutes,[11] the trial court looked to the manner in which those states address the issue of fees under their respective FOIA statutes. Based on its conclusion that other states have chosen to directly prohibit search fees or to directly authorize them,[12] the circuit court decided that our Legislature would have squarely addressed the subject had it intended to authorize the imposition of search fees.[13] See supra note 11.
In seeking extrajurisdictional guidance to interpret the FOIA phrase “actual costs in making reproductions,” the circuit court failed to appreciate the proper scope of its inquiry. The language subject to interpretation, as the City emphasizes, is more than just the five-word phrase examined by the trial court and the Neases. By constraining their focus to the meaning of “actual costs,” a separate critical statutory term was overlooked — “fees.” That term, as the City observes, is defined as “[a] charge for labor or services.” Black’s Law Dictionary at p. 690 (9th ed.2009). In contrast, a “cost” is defined as “[t]he amount paid or charged for something; price or expenditure.” Id. at p. 397. Through the wholesale omission of any discussion of the term “fees,” the trial court and the Neases skirted crucial statutory language that must be considered in resolving the matter before us. See State ex rel. Johnson v. Robinson, 162 W.Va. 579, 582, 251 S.E.2d 505, 508 (1979) (observing “that the Legislature is presumed to intend that every word used in a statute has a specific purpose and meaning”).
As this Court recognized in HCCRA v. Boone Memorial Hospital, 196 W.Va. 326, 472 S.E.2d 411 (1996), “[i]t is a fundamental principle of statutory construction that the meaning of a word cannot be determined in isolation, but it must be drawn from the context in which it is used.” Id. at 338, 472 S.E.2d at 423. Elucidating further, we observed that “[ojften, ‘the meaning of a word that appears ambiguous if viewed in isolation [will] become clear when the word is analyzed in light of the terms that surrounds it.’ ” Id. (quoting Smith v. United States, 508 U.S. 223, 229, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)). Because the Legislature has provided for the recovery of fees and not just actual costs, as advocated by the Neases, we must proceed to determine whether the term “fees” was intended to cover more than just mere duplication-related costs.
Given that the Legislature has previously relied upon the fee-authorizing language of FOIA before us, we do not have to decide this issue without guidance. On three separate occasions, the Legislature has formally approved legislative rules that establish search fees in connection with FOIA document requests submitted to various state agencies. See 24 C.S.R. § 5-4 (2011) (providing for $30 record search fee of Board of Osteopathy record requests); 60 C.S.R. § 2-11 (2010) (setting $20 per hour search fee for DEP record requests); 61 C.S.R. § 2-7.1.C (1990) (adopting $10 per hour search fee for *256 agricultural record requests). The specified authority for the adoption of each of the above agency-proposed search fees was West Virginia Code § 29B-1-3 — the same provision at issue in this case.
It is axiomatic that “[a] regulation that is proposed by an agency and approved by the Legislature is a ‘legislative rule’ as defined by the State Administrative Procedures Act, W.Va. Code, 29A-1-2(d) [1982], and such a legislative rule has the force and effect of law.” Syl. Pt. 5, Smith v. West Virginia Human Rights Comm’n, 216 W.Va. 2, 602 S.E.2d 445 (2004). Through the Legislature’s formal approval of legislative rules which establish the use of agency-specific search fees under authority of FOIA, there can be no dispute that search fees may be included as part of a FOIA request. Given the undeniably clear position of the Legislature on this issue, we find no basis for questioning whether search fees may be imposed under authority of FOIA. Consequently, we hold that pursuant to West Virginia Code § 29B-l-3(5), a public body is vested with the authority and discretion to impose a search or retrieval fee in connection with a FOIA request to provide public records provided that such fee is reasonable. As a result of this ruling, we conclude that the circuit court erred in its determination that the City lacked authority to enact an ordinance providing for a search fee in connection with a FOIA request.
We wish to make clear that our decision in this matter did not require, or even demand, a consideration of the policy reasons which underlie FOIA While the trial court found it necessary to draw upon this Court’s previous recognition that “[t]he disclosure provisions of this State’s Freedom of Information Act, ... are to be liberally construed, and the exemptions to such Act are to be strictly construed,” no disclosure-related provision was at issue in this ease. See Syl. Pt, 4, in part, Hechler v. Casey, 175 W.Va. 434, 333 S.E.2d 799 (1985). The City never sought to prevent the Neases from having access to the documents they sought to inspect. Instead, it merely sought to charge a search fee in connection with its culling of five years worth of documentation that the Neases requested. And this Court, rather than weighing in on access versus non-access, was merely called upon to apply established statutory language on which the Legislature itself has relied in approving FOIA-related search fees by multiple state agencies. This case was never about the denial of access to public records; instead, the limited issue presented here was the validity of a fee enacted pursuant to clear statutory authority.
IV. Conclusion
Based on the foregoing, we find that the decision of the Circuit Court of Kanawha County to award of summary judgment to the respondents through its order of April 25, 2013, was in error and, accordingly, we reverse.
Reversed.
Justice BENJAMIN dissents and reserves the right to file a dissenting opinion.

. See W.Va.Code §§ 29B-1-1 to -7 (2012).

. The requested records included an ordinance; meeting minutes; transcripts or other documentation of the adoption of the requested ordinance; complaints filed with the City pertaining to storm drainage from June 14, 2007, to June 14, 2012; and notices of violation issued by the City relating to storm drainage for the same five-year period.

. According to the representations made during oral argument, the Neases were not charged by the City for any of these materials.

. During oral argument, it was revealed that the Neases never requested, and the City never provided, an estimate of the costs required to reproduce the requested documents.

. The action was filed on August 24, 2012.

. While the appendix record does not contain a copy of the ordinance at issue, the parties represent that it authorizes the assessment of a "fee for searches and compilation for Records that require more than ten (10) minutes to search and/or compile.” For searches that exceed ten minutes, the City is purportedly authorized by *254 this ordinance to charge $25.00 per hour for its employees’ time to search for and/or compile requested records.

. The Neases have not raised any issue as to the unreasonableness of any potential search fee. As noted above, they did not request an estimate of the costs of reproducing the remainder of their document request. See supra note 4.

. As an example of a clearly authorized search fee, the Neases cite West Virginia Code § 16-29-2(a) (2011), which provides that "the cost may not exceed seventy-five cents per page for the copying of any [health care] record or records ... and a search fee may not exceed ten dollars.” Id.

.At least one court has recognized that the terminology "actual cost” in reference to making copies may include more than the costs of the purchasing the paper. See North County Parents Org. v. Dep’t of Educ., 23 Cal.App.4th 144, 28 Cal.Rptr.2d 359, 361 (1994) ("A 'reasonable fee’ or the 'actual cost of providing the copy’ could be interpreted to include the cost of all the various tasks associated with locating and pulling the file, excising material, etc.").

. See Va.Code Ann. § 2.2-3704 (2011); Ky.Rev. Stat. Ann. § 61.874 (2004); Ohio Rev.Code Ann. § 149.43 (2007); Cal. Gov't Code § 6253(b) (2004).

. Kentucky prohibits charges for staff-related charges in compiling FOIA requests unless the public agency "is asked to produce a record in a nonstandardized format, or to tailor the format to meet the request of an individual or a group”; Virginia allows “reasonable charges not to exceed its actual cost incurred in accessing, duplicating, supplying, or searching for the requested records”; and California structures the fees to cover "direct costs of duplication, or a statutory fee if applicable.” See Ky.Rev.Stat. Ann. § 61.874(3);Va.Code Ann. § 2.2-3704F.; Cal. Gov’t Code § 6253(b). For purposes of bulk commercial special extraction requests served upon the bureau of motor vehicles, Ohio defines "actual cost” as "the cost of depleted supplies, records storage media costs, actual mailing and alternative delivery costs, or other transmitting costs, and any direct equipment operating and maintenance costs, including actual costs paid to private contractors for copying services.” See Ohio Rev.Code Ann. § 149.43(F)(2)(a).

. In reviewing the FOIA statutes relied upon by the trial court, it was clear that the referenced statutes were replete with exceptions rather than clearly providing for or against the use of a search fee. See supra note 11.

. The trial court fails to appreciate that the converse is equally true; If the Legislature had wanted to prohibit the potential imposition of search fees, a proscription against the use of such fees could have been included in FOIA.