IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 19-0679

_____

FILED

**March 15, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JAY LAWRENCE SMITH,
Plaintiff Below, Petitioner,

v.

ANGELA B. VAN METER, in her capacity as the Circuit Clerk of Grant County; AND
THE GRANT COUNTY CIRCUIT CLERK'S OFFICE, a subdivision of the Grant
County Commission; AND THE GRANT COUNTY COMMISSION,
Defendants Below, Respondents.

_____

Appeal from the Circuit Court of Grant County
The Honorable Lynn Nelson
Case No. 19-C-7

REVERSED AND REMANDED

_____

Submitted: January 26, 2021
Filed: March 15, 2021

Robert W. Bright, Esq.                      John G. Ours, Esq.
Middleport, Ohio                            Grant County Prosecuting Attorney
Counsel for Petitioner                      Petersburg, West Virginia
                                            Counsel for Respondents

JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."  Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2.      "'When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute.'  Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959)."  Syllabus Point 5, *Liberty Mut. Ins. Co. v. Morrisey*, 236 W. Va. 615, 760 S.E.2d 863 (2014).

3.      "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."  Syllabus Point 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968).

WALKER, Justice:

When Petitioner Jay Lawrence Smith went to the Grant County Circuit Clerk's Office in September 2018 to review records, he told an assistant clerk that he planned to photograph several documents in the public file. Eventually, Grant County Circuit Clerk Angela B. Van Meter (Clerk Van Meter) instructed Mr. Smith that he could take the photos but would be required to pay a fee of one dollar per page for each photograph. Mr. Smith did not take the photos of the public documents and later filed a request for the same documents, along with a five-dollar bill to cover the cost of reproduction, under the West Virginia Freedom of Information Act (FOIA).[1] The FOIA request was declined.

Mr. Smith then filed a claim for declaratory and injunctive relief against Clerk Van Meter, the Grant County Circuit Clerk's Office and the Grant County Commission (Respondents). Mr. Smith sought to prohibit Respondents from enforcing any policy restricting anyone from using a device to make a recording of public documents, among other things. In dismissing Mr. Smith's complaint, the circuit court ruled that West Virginia Code § 59-1-11(b)(2) (2018) permitted the circuit clerk's office to impose a one-dollar-per-page fee for photographs taken by an individual of public documents. On appeal, we disagree and find that the clear language of § 59-1-11(b)(2) limits the imposition

---

[1] W. Va. Code §§ 29B-1-1 through -7 (2015).

1

of the statutory per-page fee to "transcripts, copies, and papers" actually "made by the clerk," and does not apply to photographs taken by a member of the public.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Smith is a freelance legal researcher and journalist who went to the Grant County Circuit Clerk's office in September 2018 to review and copy public records relating to four pending criminal cases.  A deputy clerk gave Mr. Smith the requested file and Mr. Smith informed her that he intended to photograph the documents in the file.  The deputy clerk responded that office policy prohibited him from using a camera to take pictures of the file's contents.  Mr. Smith requested a copy of this policy and the deputy clerk referred him to Clerk Van Meter.

Clerk Van Meter informed Mr. Smith that she was required to charge him one dollar per page for copies of documents under West Virginia Code § 59-1-11(b)(2).  Mr. Smith responded that he did not need copies of the documents, but that he intended to take digital photographs of the file.  Clerk Van Meter reiterated that he could take the photos, but he would have to pay the one-dollar-per-page fee for each digital photo he took.  Clerk Van Meter stated that this fee was required for any reproduction of any document held by the circuit clerk's office.  Mr. Smith declined to pay the fee and left the office without taking photos of the documents.

On November 30, 2018, Mr. Smith mailed a FOIA request for the same documents to the Grant County Circuit Clerk's Office. He enclosed with his request five dollars to cover the cost of reproducing the documents and postage. Clerk Van Meter mailed Mr. Smith's money back to him along with a letter declining to provide the requested copies because (1) Mr. Smith's request lacked clarity[2] and (2) the enclosed five-dollar bill was insufficient to cover the cost of reproduction of the requested documents.[3] Specifically, Clerk Van Meter reiterated that she had to charge one dollar per page for reproductions of documents held by the circuit clerk's office under West Virginia Code § 59-1-11(b)(2). Mr. Smith responded that his FOIA request was not governed by § 59-1-11(b)(2), but by West Virginia Code § 29B-1-3(e) (2015),[4] so the clerk's office was only permitted to charge a fee reasonably calculated to cover the actual cost of reproduction of the documents subject to the FOIA request.

---

[2] Clerk Van Meter contends that the FOIA request misnamed three of the four defendants from whose files Mr. Smith sought copies.

[3] Clerk Van Meter determined, without Mr. Smith clarifying the terms of his FOIA request, that Mr. Smith had requested sixty-six documents from four separate criminal files.

[4] West Virginia Code § 29B-1-3(e) states:

> The public body may establish fees reasonably calculated to reimburse it for its actual cost in making reproductions of records. A public body may not charge a search or retrieval fee or otherwise seek reimbursement based on a man-hour basis as part of costs associated with making reproduction of records.

At this point, Clerk Van Meter referred the matter to the Grant County Prosecuting Attorney, John G. Ours, who assumed the task of responding to Mr. Smith and mailed him a letter reiterating that the clerk was required to charge one dollar per page for copies under § 59-1-11(b)(2). Mr. Ours also noted that, even if that statute did not apply, five dollars was insufficient to cover the actual cost of reproduction because the requested documents included hundreds of pages.[5] Mr. Smith responded to Mr. Ours in February 2019, repeating the same arguments he made previously. Neither Mr. Ours nor Clerk Van Meter fulfilled Mr. Smith's FOIA request.

On March 25, 2019, Mr. Smith filed a complaint in the Circuit Court of Grant County seeking declaratory and injunctive relief against Respondents. He requested the circuit court declare unlawful Clerk Van Meter's attempt to charge him a fee to photograph the public records to which he had access in the Grant County Clerk's office in September 2018. He also asked the court to enjoin Respondents from enforcing any policy "prohibiting anyone from using his or her own device to duplicate and/or make a recording of documents in the [Respondents'] possession." Finally, Mr. Smith sought to require defendants to establish a "reasonable fee" for duplication of public records under West

---

[5] More specifically, Mr. Ours stated that, when stacked on top of one another, the documents from the four cases constituted "a stack of paper [] approximately 14 inches deep."

4

Virginia Code § 29B-1-3(e). Respondents moved to dismiss Mr. Smith's complaint for failure to state a claim under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

In a sparse order on July 1, 2019, the circuit court granted Respondents' motion to dismiss. The circuit court concluded that West Virginia Code § 29B-1-3(e) allowed the clerk's office to "establish fees reasonable [sic] calculated to reimburse it for its actual cost" in reproducing records, that this Court's holding in *King v. Nease*[6] permitted the clerk's office to "impose a search or retrieval fee in conjunction with a [FOIA] request,"[7] and that West Virginia Code § 59-1-11(b)(2) allows the clerk's office to charge one dollar per page "for transcripts, copies, and papers made by the clerk for use in any other court or otherwise to go out of the office[.]" This appeal followed.

---

[6] 233 W. Va. 252, 757 S.E.2d 782 (2014).

[7] The circuit court derived this conclusion from Syllabus Point 2 of *Nease*, which states: "Pursuant to West Virginia Code § [29B-1-3(e)] (2012), a public body is vested with the authority and discretion to impose a search or retrieval fee in connection with a Freedom of Information Act request to provide public records provided that such fee is reasonable." 233 W. Va. at 252, 757 S.E.2d at 782. We take care to note that the circuit court's reliance on this holding is misplaced, because that syllabus point has been superseded by statute. In 2015, the West Virginia Legislature amended this statute, apparently in response to the *Nease* holding, to explicitly state, in relevant part, that "[a] public body may not charge a search or retrieval fee or otherwise seek reimbursement based on a man-hour basis as part of costs associated with making reproduction of records." W. Va. Code § 29B-1-3.

5

## II.  STANDARD OF REVIEW

This Court has long held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."[8]  The issue before us is solely a matter of statutory interpretation, so with this standard in mind, we proceed to address the parties' arguments.

## III.  ANALYIS

On appeal, Mr. Smith raises two arguments.  First, he asks us to determine whether West Virginia Code § 59-1-11(b)(2) permits a circuit clerk to charge a one-dollar-per-page fee when private individuals take digital photographs of a public record to which they have access.  Mr. Smith argues that the clerk may not charge such a fee, while Respondents argue that the clerk is required to charge such a fee under the plain language of the statute.  For the reasons explained below, we agree with Mr. Smith.

Second, Mr. Smith asserts that the circuit court erred in failing to address Respondents' refusal to comply with his FOIA requests.  He contends that, when fulfilling a FOIA request, a circuit clerk may only charge a fee "reasonably calculated to reimburse it for its actual cost in making reproductions of records" under West Virginia Code § 29B-1-3.  But we need not address this argument because Mr. Smith's FOIA request sought the

---

[8] Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

exact same documents that he sought to photograph under West Virginia Code § 59-1-11(b)(2).

To consider whether West Virginia Code § 59-1-11(b)(2) permits a circuit clerk to charge a one-dollar-per-page fee when private individuals take digital photographs of a public record to which they have access, we first determine whether the statute is clear or ambiguous. On this point, we have held that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."[9] And, we have held that "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."[10]

On the subject of the fees charged by circuit clerks, West Virginia Code § 59-1-11 (2018) states, in relevant part:

> (a) The clerk of a circuit court shall charge and collect for services rendered by the clerk the following fees which shall be paid in advance by the parties for whom services are to be rendered:
>
> . . . .

---

[9] Syl. Pt. 5, *Liberty Mut. Ins. Co. v. Morrisey*, 236 W. Va. 615, 760 S.E.2d 863 (2014) (quoting Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959)).

[10] Syl. Pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968).

(b) In addition to the foregoing fees, the following fees shall be charged and collected:

. . . .

(2) For a transcript, copy, or paper made by the clerk for use in any other court or otherwise to go out of the office, for each page, $1[.]"

We find no ambiguity, so we afford this statute its plain meaning. It says that the clerk shall charge one dollar per page for transcripts, copies, and papers "*made by the clerk*" for use in any court or otherwise to go out of the office. With this plain language, the statute is clear that the clerk is only permitted to charge a fee when the clerk actually makes the transcript, copy, or paper. This reading is consistent with the language in subsection (a) of the statute establishing that the clerk shall only "charge and collect for services rendered by the clerk[.]"

Applying the statute here, then, we can only conclude that the Grant County Circuit Clerk's Office improperly sought to charge Mr. Smith for photographs he intended to take of the public documents he was reviewing. When a private individual photographs public documents, the clerk is not *making* the copy, as required by the statute. Rather, the individual is using his or her own skill and equipment to make the copy. This process does not require the aid of the clerk, nor does it cause the clerk to expend any time, effort, or materiel. While Respondents contend that the fee imposed by West Virginia Code § 59-1-11(b)(2) could be construed as a search and retrieval fee for the clerk's work to retrieve the document for the individual, the plain language of the statute addresses the actual

8

reproduction of transcripts, copies, and papers. If the Legislature had intended to permit the clerk to charge for merely retrieving a document, it could have made that clear in the statute.[11] So, in the absence of the clerk's involvement in the reproduction of the document, there is no basis in the statute for the clerk to charge a fee.

Based on the clear language in West Virginia Code § 59-1-11(b)(2), we conclude that the Circuit Court of Grant County erred. The Grant County Circuit Clerk was not permitted to charge Mr. Smith a fee for photographs he intended to take of public records. So, we reverse the circuit court's order dismissing Mr. Smith's complaint and remand for proceedings consistent with this opinion. And, because we find that under West Virginia Code § 59-1-11(b)(2) Mr. Smith should have been permitted to photograph the public documents he reviewed in the Grant County Clerk's Office in September 2018 without paying the fee of one dollar per page, we need not address his remaining arguments surrounding his subsequent FOIA request that sought copies of those same documents.

---

[11] On a more practical note, if we agreed with Respondents' contention, the results would be absurd. Individuals requesting to view documents could conceivably be charged as little as one dollar for the clerk's retrieving a single page document to literally thousands of dollars for larger files. The Legislature could not have conceivably intended this result.

9

## IV.  CONCLUSION

For the above reasons, we reverse the Circuit Court of Grant County's July 1, 2019, Order Granting Motion to Dismiss, and remand for proceedings consistent with this opinion.

Reversed and remanded.